## CLARK v. BARNEY DUMPING CO.

(Circuit Court, S. D. New York. March 30, 1901.)

NEW TRIAL.—VERDICT CONTRARY TO EVIDENCE.
   After two findings by juries the same way on a question of fact, the verdict will not be disturbed because the weight of evidence seems to the court to be against such findings.[1]

On Motion for New Trial.

Fredk. E. Perham, for plaintiff.
Edward O. Perkins, for defendant.

WHEELER, District Judge.   That the small deck of the dumping boat, where the plaintiff was required to be, was, with the tiller swinging above it and sweeping over almost its entire surface, an unreasonably dangerous place to put a person at work, it seems to have been well enough found by the jury.   The principal question in respect to liability for it is whether the plaintiff was not so guilty of contributory negligence in working there as to defeat all right of recovery for the injury caused by the defendant's negligence in not providing a safe place.   This depends upon whether he was reasonably induced to stay by encouragement that it should be made safer.   Two juries have found that he was.   On this trial he has testified that he told the superintendent on the first pay day that he was in danger of his life there, and that the superintendent said they were going to have the boat out in a few days and would have it fixed, and that they had the same talk twice more, and the last time but two or three days before the injury from being struck by the tiller. This is disputed by the superintendent, and made less probable by proof of difficulty in making such changes, but is somewhat corroborated by testimony of the plaintiff's daughter.   The fact and reasonableness of the inducement were for the jury, and it cannot be justly said that the finding in this respect was without evidence. The preponderance is properly argued, and may seem, to have been the other way, but our law commits the settlement of such questions of fact to a jury; and, after two findings the same way, the verdict of the jury should not be disturbed but for weighty reason, such as is not now made to appear here.   Point is made that the defendants had a right to have an even dangerous boat, and to employ men upon it, if they would, without liability, and that inducements to stay by promising changes would not affect their legal relations, as promising repairs of sudden defects might.   Of course, employés may work, or not, as they may choose, in view of obvious dangers, temporary or permanent, but without right of action for injury from such dangers if they choose to work.   If, however, they are reasonably induced to come or remain within reach of the dangers, there would seem to be no difference as to the contributory negligence in either case, ex-

[1] As to rules governing new trial in federal courts, see note to O'Connell v. Reed, 5 C. C. A. 605.

cept as to amount of proof under the circumstances, which would be for the jury. The question in either case would be one of adequate inducement. Motion for new trial overruled.