UNITED STATES OF AMERICA *v.* ESTATE OF BERNICE PAUAHI BISHOP, deceased, and JOSEPH O. CARTER, *et al.*, Trustees under the will of BERNICE PAUAHI BISHOP, deceased; OAHU RAILWAY AND LAND COMPANY, LIMITED, a corporation; THE DOWSETT COMPANY, LIMITED, a corporation; THE HONOLULU SUGAR COMPANY, a corporation; HONOLULU PLANTATION COMPANY, a corporation; CHOW AH FO, JOHN Ii ESTATE, LIMITED, a corporation; WILLIAM G. IRWIN, OAHU SUGAR COMPANY, LIMITED, a corporation; BISHOP & COMPANY, a copartnership.

## Decided: May 13, 1902.

1. Where no rule of law has been violated, a new trial will not be granted after two concurring verdicts, if the questions to be tried depend wholly on matters of fact, although the verdict is, in the judgment of the Court, against the weight of the evidence.

2. Where a verdict of $105,000 damages was set aside and a new trial granted in an action to condemn the leasehold interest of defendant in 561.2 acres of land desired by the United States for the purposes of a Naval Station, upon the failure of the defendant, in pursuance of the order of the Court, to elect to remit $30,000 from the amount of the said verdict; and upon the second trial of said action the jury rendered a verdict assessing the damages of defendant in the sum of $102,523, which verdict was for practically the same amount assessed by the verdict on the former trial, a motion for a new trial on the part of the plaintiff denied, although the Court held that it was discretionary with it to again set aside the verdict under the circumstances of this case, and grant a new trial upon the same terms as in the first trial of the action.

EMINENT DOMAIN.    MOTION FOR NEW TRIAL.

*J. J. Dunne*, Assistant U. S. District Attorney, for plaintiff.
*Hatch & Silliman*, for defendant, Honolulu Plantation Company.

*Honolulu Plantation Company case.*

ESTEE, J.   On the third day of March, 1902, the above case came on for the second trial before a jury. Witnesses were produced and sworn for both sides, and the case heard. On the 11th day of March, 1902, the Jury returned a verdict in favor of the complainant condemning the leasehold interest in the 561.2 acres of land as described in the bill of complaint, and also rendered a moneyed verdict in favor of the defendant, assessing the just compensation for the said leasehold interest of the defendant in said lands at the sum of $102,523.

On the 20th of March, 1902, a notice and motion for new trial was made and filed on the part of the complainant in this action. The grounds of such motion were stated generally to be the following:

1.   Insufficiency of the evidence to justify the verdict.

2.   That the verdict was contrary to and against the law and the evidence.

3.   That said verdict is not sustained by either the law or the evidence, or the weight of the evidence herein.

4.   That the said verdict is excessive in this, that it attempts to award excessive, unreasonable and inconsistent compensation or damages herein.

5.   That the verdict is contrary to and against the charge of the Court herein.

6.   Errors in law occurring at the trial and excepted to by the plaintiff.

An assignment of errors under each of said grounds is also specified, which it is unnecessary to herein set out.

The hearing on said motion for new trial was postponed from time to time but was finally submitted on briefs on the 5th day of May, 1902.

This case has been tried twice before a jury, the object being to fix the value of the defendant's leasehold interest in the 561.2 acres of land described in the complaint; and in both cases the verdicts were practically the same, the difference in amount being nominal.

The verdict in the first case was $105,000 and it was deemed excessive by the court, who for that reason granted a new trial unless the defendant would accept a diminished amount, namely, $75,000. This the defendant declined to do and the second trial was therefore had, resulting in the verdict of $102,523 as before stated. This amount the Court also believes to be excessive above the sum of $75,000, in view of all the testimony in the case as it presented itself to the mind of the Court. And while it seems to be well settled that under the law the court can again set this verdict aside and grant a new trial upon the same terms as on the former trial if in its discretion it sees fit to do so, yet the consensus of the best judgment of the courts as found in the decisions is, that where no rule of law has been violated, the Court will not after two concurring verdicts grant a new trial if the

questions to be tried depend wholly on matters of fact, although the verdict is in the judgment of the court against the weight of the evidence. *Joyce v. Charleston Ice Manufacturing Co.*, 50 Fed. 371-5. *Clark v. Barney Dumping Co.*, 109 Fed. 235.

I may say in this case as was said by the Court in the case of *Frost v. Brown*, 2 Bay. 139 (S. C.), where, as in the case at bar, two trials were had resulting practically in the same verdict, that—

"Although I would never surrender a plain and certain rule of law to the caprice of a jury or any number of juries, yet in a case where the law is complicated with facts so that the construction and application of it must depend on the findings of facts, two concurring verdicts even against the opinion of the judges, ought to be conclusive." I have made an examination of the very lengthy assignment of errors of law alleged to have occurred at the trial of the case, and have read with much care, the elaborate brief of the counsel for complainant in addition to the brief of defendant's counsel,—I do not, however, deem it necessary to go into an exhaustive discussion of those alleged errors. No reason has been presented to me which I think is sufficiently forceful to lead me to change my views as indicated by my rulings at the trial; and while some slight errors may have and doubtless did creep into the record, yet I find none which in my judgment were material or so prejudicial to the interests of the complainant as to have materially influenced the verdict of the jury."

The motion for a new trial is therefore denied.