[S. F. No. 11406. In Bank.—January 29, 1926.]

## In the Matter of the Estate of TERESA BELL, Deceased.

[1] ESTATES OF DECEASED PERSONS—PROOF OF HEIRSHIP—CONFLICTING EVIDENCE—NEW TRIAL—APPEAL.—In a proceeding (in the form of petitions for partial distribution) to establish heirship, where the record on appeal presents a degree of doubtfulness and a sharpness of conflict such as are rare even in family controversies, and the case is one wherein the impressions gained by the trial judge from the vantage of the presence and appearance and actions and utterances of the parties and witnesses before him would be invaluable in the formation of judicial convictions as to where the truth lay, the appellate court ought not to overthrow the determination of the trial court to grant a motion for a new trial upon the ground of insufficiency of the evidence to support the verdict, in the absence of a clear showing of an abuse of discretion or of the existence of such bias or prejudice on the part of the trial judge as would interfere with a just and impartial balancing of the evidence in the case.

[2] ID.—EVIDENCE—NEW TRIAL.—In such proceeding, where the evidence offered to prove that a certain one of the petitioners is a child and heir of the decedent differs in many material aspects from the evidence offered in support of the like claim on the part of other petitioners, the granting of a new trial on the ground of the insufficiency of the evidence as to the portion of the verdict and decree establishing the former as a child of the deceased does not require the granting of a new trial on the ground of the insufficiency of the evidence as to the further portion of the verdict and decree establishing said other petitioners as children of the decedent.

[3] ID.—EVIDENCE—PEDIGREE—DECLARATIONS IN WILL.—Declarations of a testator in his last will are admissible both upon the question of pedigree and upon the question as to whom he regards as the proper objects of his bounty.

[4] ID. — PROOF OF HEIRSHIP — PRIOR PROBATE PROCEEDINGS — EVIDENCE—ESTOPPEL.—In this proceeding (in the form of petitions for partial distribution) to establish heirship, the trial court did not commit error in admitting in evidence, over petitioner's general objection that they were "immaterial, incompetent and inadmissible," various papers, proceedings, and orders in the course of the prior probate of the estate of the person whom petitioner asserted

1. See 2 Cal. Jur. 908; 2 R. C. L. 217.
2. See 20 Cal. Jur. 34; 20 R. C. L. 224.
3. See 26 Cal. Jur. 736.

was her father, in which it did not appear that petitioner was ever mentioned or referred to as one of his children or heirs, and the proceedings to date in the pending estate of the alleged mother of petitioner, in which the will of the alleged mother was determined to be invalid, but in which will contest petitioner was not a party, where petitioner admitted that she was aware that such proceedings were pending, and the trial court instructed the jury that petitioner was not estopped in the assertion of her claim of heirship.

[5] ID.—PATERNITY OF CLAIMANTS—DECREES IN ESTATE OF DECEASED FATHER—RES ADJUDICATA.—While the several orders and decrees in the matter of the estate of the asserted father of petitioner, whether of partial or of final distribution of the estate of said decedent in accordance with the terms of his will, which contained the names of certain persons as his children, but did not mention or refer to petitioner, were admissible in evidence over petitioner's general objection that they were "immaterial, incompetent and inadmissible," they were not *res adjudicata* as to the paternity of said persons named as children which would be binding upon petitioner, the court, or the jury in the probate of the estate of the asserted mother of petitioner; and the trial court committed prejudicial error in refusing to give petitioner's requested instructions which contained a correct statement of the law with reference to such evidence.

[6] ID. — FACT AND DATE OF BAPTISM — CHURCH CERTIFICATES — EVIDENCE.—Church baptismal records showing the baptism on certain dates of certain persons claiming to be children of a decedent are competent to prove the fact and date of the baptism of the persons named therein; and in a proceeding in the estate of said decedent to establish heirship, where the purpose for which said baptismal records are offered is not stated or limited at the time of their admission, and the objection thereto does not require or suggest such limitation, no error is committed either in their admission in evidence or in consideration of them by the jury for the limited purpose contained in the court's instruction that they are "evidence only of the fact that the persons named in said certificates were baptized at the dates specified therein."

[7] ID.—CHARGES FOR BOARD AND TUITION—BOOKS OF ACCOUNT—EVIDENCE.—In such a proceeding, the books of account of a parochial school and convent, showing charges against the decedent or her husband for the board and tuition of one or another of the persons claiming to be children of said spouses and the payment of such charges by the person against whom they were made upon such books of account, are properly admissible, over a general objection, as tending to show the course of conduct of said family

6.   See 10 R. C. L. 1138. .

and those who were the parental head thereof with respect to the younger members of the family; and if those objecting to their admission generally desire that their purpose be confined to a narrower scope they should manifest their desire either in the form of their objection or in requested instructions to the jury.

[8] ID.—UNSOUNDNESS OF MIND OF TESTATRIX—INVALID WILL—EVIDENCE.—Where a will has been declared invalid for the reason that the maker thereof was of unsound mind at the time of the purported execution thereof, and such judgment has become final, such will is not admissible upon the question of pedigree or upon the question as to whom the testatrix regarded as the proper objects of her bounty.

(1) 4 C. J., p. 833, n. 57, 59; 29 Cyc., p. 1009, n. 54. (2) 29 Cyc., p. 734, n. 6. (3) 22 C. J., p. 238, n. 86, p. 252, n. 89; 40 Cyc., p. 1380, n. 49. (4) 18 C. J., p. 874, n. 64 New; 22 C. J., p. 796, n. 52; 23 C. J., p. 56, n. 27, 28. (5) 34 C. J., p. 932, n. 29, p. 937, n. 40, p. 1080, n. 95 New. (6) 22 C. J., p. 901, n. 12; 38 Cyc., p. 1381, n. 7. (7) 22 C. J., p. 862, n. 33; 38 Cyc., p. 1381, n. 7. (8) 22 C. J., p. 252, n. 89.

APPEAL from a decree of the Superior Court of the City and County of San Francisco directing partial distribution and from two certain orders, one granting and the other denying certain motions for a new trial. Frank H. Dunne, Judge. Affirmed in part; reversed in part.

The facts are stated in the opinion of the court.

Leo J. McEnerney and A. L. O'Grady for Appellant.

John L. McNab, Bert Schlesinger, J. F. Frick, J. E. Manning and Glensor, Clewe & Van Dine for Respondents.

RICHARDS, J.—The appellant herein, Viola S. Bell, appeals to this court from certain portions of a decree of the superior court, in and for the city and county of San Francisco, in the matter of the estate of Teresa Bell, deceased, and also from two certain orders of said court, the one granting and the other denying certain motions for a new trial in respect to the particular proceeding wherein said decree had been entered and said orders made. In order to an intelligent understanding of the situation, and of the parties, and of the matters presented for consideration upon this appeal, the

8. See 10 R. C. L. 1142.

following preliminary statement is required: Thomas Bell died in the city of San Francisco on October 16, 1892, being at that time a resident of said city and leaving a large estate therein and in other portions of the state of California which he distributed among the beneficiaries named in his will. He left as his surviving widow Teresa Bell, to whom by his will he devised a considerable portion of his said estate. He devised to certain other persons whom he designated by name therein and called his children the remainder of his said estate. The said will of Thomas Bell was duly admitted to probate and thereafter by decrees of both partial and final distribution the estate was distributed to the devisees named therein, and said decree of final distribution being made and entered on or about the eighth day of June, 1917. By the terms of these several decrees Teresa Bell, his widow, came into the ownership and possession of a large estate. Teresa Bell died on the eleventh day of August, 1922. She left a will and several codicils thereto, which will with its codicils was presented for probate in the superior court of said city and county by the executors named therein on August 18, 1922. The admission to probate of said will of Teresa Bell and the several codicils thereto was opposed by several contestants who claimed to be children and heirs of Teresa Bell (but of which contestants the appellant herein was not one), and as a result of such contests and of a trial thereon the said will of Teresa Bell and each of the codicils thereof were found and decreed to be invalid and the same were denied probate upon the ground that Teresa Bell at the time of the execution thereof was of unsound mind. Thereafter and on March 23, 1923, E. J. Talbott was appointed special administrator of the estate of Teresa Bell, deceased. On October 17, 1923, Viola S. Bell, the appellant herein, filed her petition for the partial distribution to her of a portion of said estate, alleging herself to be a child and next of kin of said decedent. To this petition of the appellant herein an opposition was filed by Robina Bell Hessell, Thomas Frederick Bell, Reginald Bell, and Muriel Bell Hoster; and also by Reginald Bell and Dorothy Bell, as executor and executrix respectively of the last will and testament of Eustace Bell, deceased; and also by Dorothy Bell as guardian of the person and estate of Eustace Bell, Jr., a minor. The opposition of these last-

named persons to the granting of the said petition of Viola S. Bell was based upon their denial that said Viola S. Bell was either a daughter or an heir of Teresa Bell, deceased, or was entitled to any portion of her estate; and was also based upon the affirmative plea that Viola S. Bell was estopped to claim such relationship and heirship. In support of said last-named plea said contestants set forth *in haec verba* certain records, orders, and decrees in the matter of the estate of Thomas Bell and also of Teresa Bell, deceased, theretofore made and entered and of the making, entry, and effect of which it was alleged that Viola S. Bell had at all times full knowledge. Coupled with their said opposition to the granting of the petition of Viola S. Bell, the said persons also presented and filed their joint petition for the partial distribution of a portion of the estate of said Teresa Bell, deceased, to them and each of them as the sole surviving children and heirs, or representatives of a deceased child and heir, of Teresa Bell. To the foregoing opposition to her said petition Viola S. Bell filed an answer denying the averments thereof; and also filed an opposition to the petition of the above-named persons for partial distribution to them of any portion of said estate, which said opposition was based upon her denial that Thomas Frederick Bell, Muriel Bell Hoster, Robina Bell Hessell, Reginald Bell, or either or any of them, was a child or heir at law of said Teresa Bell, deceased, and upon her averment that Thomas Bell and Teresa Bell were husband and wife; that Thomas Bell died intestate in the year 1892, leaving estate which was the common property of Teresa Bell and Thomas Bell; that Thomas Bell left surviving him as his next of kin and heirs at law his wife, Teresa Bell, and one child, namely, Viola S. Bell.

Other petitions for partial distribution were filed by various persons claiming a right thereto, to all of which, in so far as they disputed the right of Viola S. Bell to a share in said estate as the daughter and heir of said decedent, she filed answers putting in issue the averments thereof. When the pleadings were thus made up and the particular issues thus presented were ready for trial the said Viola S. Bell demanded and was accorded a jury trial thereon and such trial was had upon the following six special issues submitted

to the jury, to wit: "Is Thomas Frederick Bell a child of Teresa Bell, deceased? Is Robina Bell Hessel a child of Teresa Bell, deceased? Is Viola Bell a child of Teresa Bell, deceased? Is Muriel Bell Hoster a child of Teresa Bell, deceased? Was Eustace Bell, now deceased, a child of Teresa Bell, deceased? Is Viola Bell a child of Teresa Bell, deceased?" The jury returned a verdict in which each of the foregoing special issues was answered in the affirmative, whereupon a decree was made and entered in accordance therewith adopting the findings and verdict of the jury upon the special issues above set forth and also embodying full and detailed findings of fact upon the averments set forth in the pleadings of the respective parties in their several applications for partial distribution and in their several oppositions to the respective applications of each other. The trial court, however, by its said decree denied all of the foregoing petitions for partial distribution in said estate upon the ground that no general administrator of said estate had as yet been appointed. Upon the entry of said decree the foregoing persons, who had appeared in opposition to the petition for partial distribution in said estate presented by Viola S. Bell, gave notice of intention to move to set aside the said verdict and to vacate the said decree in so far as the said verdict and decree purported to find and decree that Viola S. Bell was a child of Teresa Bell, deceased, and to grant a new trial upon that particular issue; said motion being made and based upon all of the usual grounds and being supported by affidavits as to certain of the several grounds thereof requiring such support. To said motion Viola S. Bell responded with counter-affidavits by herself and other persons; and she also on her own part gave notice of intention to move to vacate and set aside said verdict and decree in so far as the same found and decreed the contestants of her said application to be the children of Teresa Bell, deceased. When these several motions came on to be heard and were respectively submitted for decision, the trial court made and filed its order granting the motion of the said contestants of the right of said Viola S. Bell, as her child and heir, to share in the estate of Teresa Bell, deceased, and in so doing expressly based its order upon the ground of the insufficiency of the evidence to sustain the said verdict and decree in so far as said decree purported to

find or adjudge (1) that said Viola S. Bell is a child of Teresa Bell, deceased; (2) that Thomas Bell died leaving him surviving Viola S. Bell as one of his children; (3) that Viola S. Bell is not estopped from asserting her claim to distribution; (4) that Viola S. Bell is entitled to one-sixth of the estate of Teresa Bell, deceased.

The trial court also and at the same time, but by a separate order, denied the said motion of Viola S. Bell for a new trial generally and without specifying the particular grounds of such denial. From the portions of said decree adverse to her contentions in her pleadings and upon the trial and from the making and entry of each of the aforesaid orders upon the two motions for a new trial Viola S. Bell has taken and prosecuted the present appeal.

[1] Upon that portion of her said appeal which relates to the action of the trial court in granting the motion of the respondents for a new trial her contention is that the trial court was in error in its conclusion that the evidence was insufficient to sustain the verdict and decree in so far as it was found and decreed therein that she was a child of Teresa Bell, deceased. The record presented both upon the trial and upon the motion for a new trial based upon that ground is voluminous, and an examination thereof shows that it presents a degree of doubtfulness and a sharpness of conflict such as are rare even in family controversies such as this. Charges and counter-charges of perjury, of the instability of witnesses, and utter unreliability of particular testimony abound. The purposes, motives, and conduct of persons both living and dead, whose lives and actions are interwoven in the tapestry of this remarkable case, are veiled in mystery as to the meaning of which we only gain occasional glimpses between the lines of the cold record before us. It is a case wherein the impressions gained by the trial judge from the vantage of the presence and appearance and actions and utterances of the parties and witnesses before him would be invaluable in the formation of judicial convictions as to where the truth lay. In such a case this court ought not to overthrow the determination of the trial court to grant the motion for a new trial upon the specified ground in the absence of a clear showing of an abuse of discretion or of the existence of such bias or prejudice on the part of the trial judge as would interfere with a just and

impartial balancing of the evidence in the case. We do not
find that such exists in this case, nor do we think that a
detailed or extended review of the facts of the case would
be either profitable or expedient in view of the fact that
another trial is to be had upon the particular issue as to
which a new trial has been granted herein.

The appellant's next contention upon her appeal is di-
rected against that portion of the decree herein which ad-
judges that the respondents herein are children and heirs,
or the representatives of deceased children and heirs of
Teresa Bell, deceased, and entitled as such to share in her
estate; and also against the order of the trial court refusing
to grant her motion for a new trial upon that issue. [2]
In support of this contention the appellant urges that the
evidence in the case, which the trial court found by its said
order to be insufficient to support that portion of the ver-
dict and decree which finds and adjudges that appellant is
a child and heir of Teresa Bell, is also insufficient to support
that portion of said verdict and decree which finds and ad-
judges that said respondents are children and heirs, or rep-
resentatives of a deceased child and heir of Teresa Bell, de-
ceased. This contention has no merit, for the all-sufficient
reason that the evidence which was offered in support of
the claim of the appellant to be the child and heir of Teresa
Bell, deceased, differed in many material aspects from the
evidence offered in support of the like claim on the part of
the respondents. A single illustration will suffice. In the
case of the appellant there was not a particle of evidence
connecting her with the family household of the Bell home
prior to a time when she was six or seven years of age;
while in the case of certain of the respondents there was
evidence which referred directly to the place and time and
circumstances attending their birth in that home. The evi-
dence offered and admitted in opposition to and in support
of the claim of heirship of these respective claimants dif-
fered materially in another respect which may as well be
considered and disposed of here. The respondents herein
in their opposition to the appellant's application for partial
distribution set forth in their pleading the successive papers,
proceedings, orders, and decrees in the matter of the estate
of Thomas Bell, deceased, and also certain prior proceedings
in the estate of Teresa Bell, deceased, and predicated thereon

their plea that the applicant, Viola S. Bell, was estopped to claim relationship or heirship with respect to either Thomas or Teresa Bell. On the other hand, Viola S. Bell, in her answer and opposition to the asserted claims of relationship and heirship with respect to Thomas and Teresa Bell, pleaded that she was the only child and heir of Thomas and Teresa Bell and that none of the respondents was a child or heir of either Thomas or Teresa Bell. Upon the trial the appellant herein testified in support of the foregoing averments of her answer and opposition at least in respect to the paternity and maternity of some of said respondents. [3] When she had rested her case in chief the respondents offered in evidence the last will of Thomas Bell, deceased, wherein he had left his estate to certain trustees for the "support and maintenance of my children Thomas Frederick Bell, Mary Teresa Bell, Robina Bell, Muriel Bell, Reginald Bell and Eustace Bell"; and wherein also and after these trusts were satisfied he had devised one-third of his estate to his wife, Teresa Bell, and directed that "The remainder of my estate shall be divided among my children share and share alike, that is to say to Thomas Frederick, Mary Teresa, Robina, Muriel, Reginald and Eustace." No mention in said will was made of the name or existence of Viola S. Bell. To the admission of this will of Thomas Bell in evidence the counsel for Viola S. Bell offered the general objection that it was "immaterial, incompetent and inadmissible," which objection the court overruled. We are of the opinion that the trial court did not err in so ruling, for the reason that the declarations of a testator in his last will are admissible both upon the question of pedigree and upon the question as to whom he regards as the proper objects of his bounty. (*Estate of Morrison, ante,* p. 1 [242 Pac. 939] and cases cited.) The appellant practically concedes this by her own offer of the rejected will of Teresa Bell, deceased, for the same purpose. [4] Thereupon the respondents offered in evidence various papers, proceedings, and orders in the course of the probate of the said last will of Thomas Bell, deceased, to the admission of which a like objection was urged and overruled. One of the purposes urged by the respondents in favor of the admission of these proceedings in the course of probate of the Thomas Bell estate was that of showing that at no time during the course

of the probate thereof, covering a period of about a quarter of a century prior to the year 1917, did it appear that Viola S. Bell was ever mentioned or referred to as one of the children or heirs of Thomas Bell, deceased, or was ever served with process or that she was ever required or ever sought to participate in any way in the proceedings for the disposition of his estate among those entitled thereto; and that this sort of evidence was relevant and admissible when taken in connection with the testimony and admission of Viola S. Bell that she was at all times during the period of the probate of said estate aware that such proceedings were pending and proceeding in the courts and that their purpose was the disposal of the estate and properties of him whom she claimed to be her father, among others than herself who claimed to be his children; and that such documentary evidence was admissible as having some more or less material bearing upon the validity of her said claims and upon her own credibility and good faith in their belated assertion. And the respondents make the same claim as to the proceedings had and the papers and records presented in the matter of the estate of Teresa Bell, deceased, prior to the appearance of the appellant as a claimant therein to practically the whole of said estate. It is true that the respondents herein in their pleadings in opposition to the appellant's said claim set forth the proceedings in both estates as the basis of an alleged estoppel based thereon. The documentary evidence of such proceedings, however, when offered in evidence, were offered generally and were objected to generally as immaterial, irrelevant, and inadmissible for any purpose whatever, Being admitted generally and over this objection they were properly in the record for whatever evidentiary purpose they might subserve. The trial judge in his charge to the jury instructed that body, and, we think, properly, that Viola S. Bell was not estopped in the assertion of her said claims, and we must assume that the jury obeyed that instruction in its consideration of said evidence; and we may also assume, in the absence of any showing to the contrary, that the trial judge, in granting the motion for a new trial, was actuated by no change of mental attitude with respect to that feature of the case or that he did so from any other view of the value of such evidence than that of its bearing upon the credibility and good faith of the appellant's pres-

ent assertion that she is the only child and heir of Thomas and Teresa Bell and upon her present claim predicated thereon, that she is entitled to have distributed to her a portion of the latter's estate.

Sufficient has been set forth herein to indicate that, in our opinion, no reversible error was committed by the trial court in granting the motion for a new trial upon the issue presented by the appellant's application for partial distribution to herself of a portion of this estate; and its order in so doing upon the ground stated will therefore be affirmed. With respect to the order of the trial court denying the appellant's motion to have the decree of the court set aside and a new trial granted as to the respondents' application for partial distribution to themselves of portions of the said estate, some of the same questions are discussed and a number of different problems are presented. [5] With respect to the evidence offered by the respondents in the form of the records and proceedings in the course of probate of the estates of Thomas and Teresa Bell, the respondents argue that the orders and decrees of the court in which such proceedings were pending, in so far as they relate to the status of said respondents as the children and heirs of both Thomas and Teresa Bell, are *res adjudicata,* and that both the appellant in assailing and the trial court and jury in passing upon their present claims as to being the children and heirs of Teresa Bell are therefore bound thereby.

We have hereinbefore held these records and proceedings in these two estates to have been admissible in opposition to the appellant's claim and to her evidence in support thereof for the limited purpose above outlined, but a different question is presented when the respondents urge that such evidence is available on behalf of their own claims to heirship as *res adjudicata.* That they did so urge and argue during the course of the trial the record sufficiently shows, and because of that insistence the appellant presented certain instructions having relation to the effect to be given to the aforesaid evidence, with the request that they be given to the jury. The court refused to give these instructions and the appellant on her motion for a new trial contended and now contends that the trial court committed prejudicial error in so doing. The jury was sought to be instructed by these offered instructions that the statements or recitals in

the several petitions, orders, and decrees in each of said two
estates to the effect that the respondents herein, or any of
them, were children of Thomas or Teresa Bell, or both, were
not to be taken by them as evidence that these respondents,
or any of them, were in fact children of Thomas or Teresa
Bell and were not to be considered as *res adjudicata* upon
that question. With respect to some, at least, of these
offered and refused instructions, laying aside as insufficient
merely technical objections as to defects in form, we are of
the opinion that they were correct in point of law and that
they should have been given. Take, for example, the follow-
ing requested instruction: "I instruct you that any state-
ment or declaration made by Thomas Frederick Bell, Regi-
nald Bell, Robina Hessel or any petition filed by them,
either in the Estate of Thomas Bell or in the Estate of Te-
resa Bell, that they are children of either Thomas Bell or of
Teresa Bell must not be considered by you as evidence that
they are children either of Thomas Bell or of Teresa Bell."
Such petitions had been offered and received in evidence and
such self-serving statements had been contained therein; and
hence the foregoing instruction was a correct one as a mat-
ter of law. We are further of the opinion that the several
orders and decrees in the matter of the estate of Thomas
Bell, whether of partial or of final distribution of the estate
of said decedent in accordance with the terms of his will and
which contain statements giving the names of said respond-
ents and containing recitals that they are his children, do
not constitute *res adjudicata* as to the paternity of said
respondents which would be binding upon either the appel-
lant, the court or the jury in the instant proceeding; and
this for the obvious reason that the persons named in the last
will of the decedent Thomas Bell would be entitled to have
his estate distributed to them as his devisees under said will,
whether or not they were his children; and hence that such
recitals were not necessary to the making or validity of such
orders or decrees. They were not, therefore, *res adjudicata.*
(Code Civ. Proc., sec. 1911; *Estate of Heydenfeldt,* 127 Cal.
456 [59 Pac. 839]; *Estate of Freud,* 134 Cal. 333 [66 Pac.
476]; *Chapman* v. *Hughes,* 134 Cal. 641 [58 Pac. 298, 60 Pac.
974, 66 Pac. 982]; Herman on Estoppel and Res Adjudicata,
sec. 275; Wells on Res Adjudicata, sec. 295.) The recent de-
cision of this court in *Estate of Barton,* 196 Cal. 508 [238

Pac. 681], contains nothing inconsistent with the principle declared in the foregoing authorities, nor do we think that any of the other cases cited by respondents either overthrow it or interfere with its application to the instant case. We are therefore of the opinion that the statements and recitals in the several orders and decrees of partial or of final distribution in the matter of the estate of Thomas Bell were not *res adjudicata* as to the status of the respondents herein or any of them as the child or children of Thomas Bell, and that the appellant's offered instructions herein embraced a correct statement of the law in that regard and should therefore have been given. Nor do we think that the prejudicial effect of the refusal of the trial court to give the foregoing offered instructions was cured by other instructions which the trial court did give, or that the brief instruction which was given upon the subject of estoppel obviated the evil effect of the court's refusal to give an express instruction upon the subject of *res adjudicata.*

[6] The appellant further contends that the trial court erred in the admission in evidence of certain baptismal records of St. Johns Church, showing the baptism upon certain dates of Robina Bell, Reginald Bell, Muriel Bell, and Eustace Bell. The appellant concedes that these baptismal records were competent and admissible to prove the fact and date of the baptism of the persons named therein, but assigns another and an unlawful purpose in their offer and admission in evidence. The purpose for which these records were offered was not stated or limited at the time of their admission, nor did the objection thereto require or suggest such limitation. They were, therefore, properly admitted in evidence. It is significant to note that the trial court in its charge to the jury, in dealing with this particular evidence, instructed that body that these certificates of baptism were "evidence only of the fact that the persons named in said certificates were baptized at the dates specified therein." No error was therefore committed either in their admission or in the consideration of them by the jury for the limited purpose outlined in the instructions of the court. [7] The appellant next contends that the trial court erred in permitting the introduction in evidence of the books of account of St. Mary's College and the Convent of Holy Names in Oakland, showing charges made against Thomas or Teresa

Bell for the board and tuition of one or other of these re-
spondents and the payment of such charges by the person
against whom they were made upon such books of account.
We are of the opinion that these books of account were
properly admissible as tending to show the course of conduct
of the Bell family and those who were the parental heads
thereof with respect to the younger members of the family.
These records were offered generally and were only sub-
jected to the usual and general objection. They were there-
fore admissible over said objection. If those objecting to
their admission generally desired that their purpose be con-
fined to a narrower scope they should have made manifest
that desire either in the form of their objection or in re-
quested instructions to the jury. Not having done either of
these we find no merit in their present contention in that
regard. The appellant's next contention is that the trial
court was in error in its refusal to admit in evidence the will
of Teresa Bell, offered by appellant for the purpose of show-
ing the declarations of the maker of said will that certain
of the respondents were not her offspring. [8] Prior to
said offer it had already been shown in evidence that by
the judgment of the trial court in the proceedings for the
probate of said will in the matter of the estate of Teresa
Bell, deceased, the said will had been declared invalid for the
reason that the maker thereof was of unsound mind at the
time of the purported execution thereof; and that such judg-
ment had become final. In such a state of the record we
are satisfied that while the offer of this rejected will of Teresa
Bell comes within the rule above stated admitting the dec-
larations of testators regarding pedigree, we are of the opin-
ion such a will would no more be admissible to prove the
declarations of the maker thereof as to who were her chil-
dren than would the statements of the maker herself be
admissible after it had been judicially declared that she was
of unsound mind. Moreover, it would seem that the appel-
lant herein was in nowise injured by the court's refusal to
admit in evidence the statements contained in said docu-
ment, since the maker thereof therein declared that she had
"no children."

The appellant makes certain further contentions as to
errors alleged to have been committed by the trial court in
its rulings upon questions propounded to various witnesses.

We shall not deal with these in detail for the reason that to do so would unduly extend this opinion. We shall assume that as to these alleged errors they would probably be avoided upon the retrial of this cause.

It is our conclusion and decision that the order of the trial court granting the motion of the respondents for a new trial be and the same is hereby affirmed, and that the order of said court denying the motion of the appellant for a new trial be and the same is hereby reversed.

Lennon, J., Shenk, J., Waste, C. J., Lawlor, J., and Curtis, J., concurred.

SEAWELL, J., Concurring and Dissenting.—I concur in that portion of the opinion which affirms the order of the lower court granting respondents' motion for a new trial, but I am disposed to dissent from that portion of the opinion which reverses the order of the trial court denying appellant's motion for a new trial. That the respondents were the children or the descendants of children of Thomas and Teresa Bell there seems to be no substantial room for doubt. If any error was committed as to the rule of the application of *res adjudicata* as to their status, or the doctrine of estoppel, it was harmless error and clearly falls within the contemplation of section 4½ of article VI of the constitution.

Rehearing denied.

Seawell, J., dissented.