No. 26,662.

C. O. DAVIS, *Appellant*, v. THE CENTRAL STATES FIRE INSURANCE COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

NEW TRIAL—*Grounds—Verdict Inconsistent With Evidence—Concurrent Verdicts.* The rule that it is the duty of the trial judge to set aside a verdict unless he can approve it applies even where a former verdict of the same kind has already been set aside for that reason.

Appeal from Sedgwick district court, division No. 1; THOMAS E. ELCOCK, judge. Opinion filed May 8, 1926. Affirmed.

*Chester I. Long, J. D. Houston, Austin M. Cowan, Claude I. Depew, James G. Norton, W. E. Stanley* and *W. B. Harms,* all of Wichita, for the appellant. *S. A. Buckland,* of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: A verdict for the plaintiff in an action for the recovery of money was set aside by the trial judge because in his opinion it was contrary to the evidence. A new trial was had, and again a like verdict was set aside for the same reason. The plaintiff appeals on the ground that where there is some substantial evidence to support a verdict but the trial court sets it aside because of a belief that a wrong decision has been made, and upon a new trial another verdict to the same effect is returned, the court has no authority to set it aside—that its power in this respect has been exhausted. We cannot approve this contention.

The fourth of the statutory grounds upon which a new trial may

---

Appeal and Error, 4 C. J. p. 832 n. 47. New Trial, 29 Cyc. pp. 729 n. 80, 732 n. 92.

be granted is "that the verdict  .  .  .  is in whole or in part con-
trary to the evidence." (R. S. 60-3001.) This does not mean
merely that a verdict may be set aside if there is no evidence tend-
ing to support it—a matter involving a pure question of law, sub-
ject to review on appeal—but that a new trial may, and indeed
must, be granted unless the judge is able to give his approval to
the finding of the jury as a matter of fact. Nothing in the statute
either expressly or by fair implication justifies confining the ap-
plication of this provision to a single trial or verdict, or removing
from its operation a verdict which is like one to which it has already
been applied.

"It has been the unvarying decision of this court to permit no verdict to
stand unless both the jury and the court trying the cause could, within the
rules prescribed, approve the same. When the judgment of the trial judge
tells him the verdict is wrong, whether from mistake, or prejudice, or other
cause, no duty is more imperative than that of setting it aside and remanding
the questions at issue to another jury. While the case is before the jury for
their consideration, the jury are the exclusive judges of all questions of fact;
but when the matter comes before the court upon a motion for a new trial, it
then becomes the duty of the trial judge to determine whether the verdict
is erroneous. He must be controlled by his own judgment, and not by that
of the jury. When a trial judge overrules a motion *pro forma,* and declines
to look into the facts or pass upon its sufficiency, he misconceives his duty
and commits fatal error. He has no right 'to stand out of the way' and against
his judgment overrule such a motion. He must approve or disapprove the
verdict. If he approves, he may overrule the motion for a new trial; if he
disapproves, he should set it aside and permit another jury to pass upon the
facts." (*K. C. W. & N. W. Rld. Co. v. Ryan,* 49 Kan. 1, 12, 30 Pac. 108.)

That is the settled law of this state, and there is nothing novel
in it.

" 'Trial by jury,' in the primary and usual sense of the term at the common
law and in the American constitutions, is not merely a trial by a jury of
twelve men before an officer vested with authority to cause them to be sum-
moned and empaneled, to administer oaths to them and to the constable in
charge, and to enter judgment and issue execution on their verdict; but it is
a trial by a jury of twelve men, in the presence and under the superintendence
of a judge empowered to instruct them on the law and to advise them on
the facts, and (except on acquittal of a criminal charge) to set aside their
verdict if in his opinion it is against the law or the evidence. This proposition
has been so generally admitted, and so seldom contested, that there has been
little occasion for its distinct assertion. Yet there are unequivocal statements
of it to be found in the books." (*Capital Traction Company v. Hof,* 174 U. S.
1, 13.)

The trial judge is not only authorized but required to exercise an

independent judgment upon the issue of fact presented. This does not mean that he is to give no weight to the decision reached by the jury. As a matter of course that is an important element in the solution of the problem presented—is one of the matters requiring careful consideration. And where the same verdict is reached by two successive juries its persuasive force is obviously increased. But its weight in this connection is to be determined in the district court and not by this court on appeal, as is attested by many decisions showing reluctance to reverse an order granting a new trial on the ground of the verdict being contrary to the evidence. The reasons back of the policy of having the judge, in the familiar phrase, act as the thirteenth juror, apply in subsequent trials as well as in the first. Such difference as exists is one of degree and not of kind, and relates to the cumulative strength of successive verdicts.

There are jurisdictions in which, without statutory provision, the authority of the trial judge to grant a new trial because he disagrees with the jury as to the weight and credibility of evidence is exhausted by being exercised in a single instance, so far as concerns other verdicts of the same kind. Cases bearing upon this are collected in 14 Enc. of P. & P. 993-994, some of which, however, are controlled by statute. So far as they are in conflict with what has already been said herein we do not accept their reasoning or conclusion. The appellant's brief cites a number of cases to the effect that where successive juries have passed upon the facts with the same result a court will hesitate to grant a new trial. This is merely another way of saying that the court will give weight to the opinions of jurors—the more jurors the more weight. The brief also quotes from *Johnson v. Leggett*, 28 Kan. 590, to the effect that the court should not substitute its judgment for that of the jurors. What is there said, however, applies as well to first trials as to later ones, and has to do with the force to be given to the opinion of the jury. One of the cases contains this quotation:

"In this commonwealth there is no rule of law limiting the number of times that a judge may set aside a verdict as against the evidence. On the other hand, it has been recognized that in an extraordinary case the court may set aside any number of verdicts that might be returned." (*Clark v. Jenkins,* 162 Mass. 397, 398.)

The judgment is affirmed.