[Civ. No. 4986.  Third Appellate District.—January 26, 1934.]

NICK PETROFF, Respondent, v. FRED NUNES, Appellant.

NICK CONDOS, Respondent, v. FRED NUNES, Appellant.

C. H. CAMPBELL, Respondent, v. FRED NUNES, Appellant.

J. Hampton Hoge, A. Dal Thomson and Joseph M. Raines for Appellant.

Franklin P. Bull, Williams M. Maxfield, W. A. Lahanier, Elmer E. Robinson and W. U. Goodman for Respondents.

THOMPSON, J.—The plaintiffs have presented this alternative motion, under the provisions of Rule V, section 3, of the Rules for the Supreme Court and District Courts of Appeal, to dismiss the appeal or affirm the order granting a new trial after judgment had been rendered pursuant to the verdict of a jury which was returned in favor of the defendant. The motion is made on the ground that the

appeal was taken for the purpose of delay only, and that it presents no substantial issue of merit.

The above-entitled actions were consolidated for trial. They are suits for personal injuries sustained in an automobile casualty. The plaintiffs were riding with the defendant in his automobile along the public highway when a collision with another machine occurred. It was broad daylight. The pavement was straight and level. The defendant was running at a rapid rate of speed in close proximity behind another machine, which suddenly flashed on its taillight, indicating that the foremost car was about to stop, or at least was slackening its speed. Both cars were traveling on the right-hand side of the pavement. The defendant swerved his machine to the left to pass the preceding car, when a head-on collision occurred with another automobile which was approaching from the opposite direction within less than 100 yards distant. The defendant failed to observe the approaching machine until after his car emerged from behind the one which he had been following.

These cases were previously presented to this court on appeal from a former order of the same judge also granting a new trial for insufficiency of the evidence to support the first judgment, which was entered in favor of the defendant, pursuant to another verdict. The former order was affirmed on appeal. (*Petroff* v. *Nunes*, 123 Cal. App. 614 [11 Pac. (2d) 648].) The trials were presented to different juries upon substantially the same evidence. A more complete statement of the facts will be found in the former opinion of this court above cited. The record presents a conflict of evidence.

The motion for a new trial was presented to the court upon nearly all the grounds authorized by section 657 of the Code of Civil Procedure, including that of the insufficiency of the evidence. The motion was granted on the ground of insufficiency of the evidence, "and upon the other grounds set forth in said motion". In the appellant's brief he urges only the alleged insufficiency of the evidence as ground for a reversal. None of the other grounds upon which the new trial was granted are discussed.

The sole point upon which the appellant relies is his contention that the weight of the evidence supports the judgment which was rendered pursuant to the verdict, and

that the trial judge has no discretion or authority to grant a new trial for a second time for a lack of evidence after two juries have returned similar verdicts based upon the same evidence. It is asserted that on appeal from a second order granting a new trial under such circumstances, the well-established rule which requires an appellate court to affirm the order except for an abuse of discretion on the part of the trial judge, does not apply, and, upon the contrary, that the court of appeal should then weigh the evidence and decide in favor of the preponderance thereof.

We are of the opinion a trial judge retains a discretion to grant a new trial a second time for lack of evidence to support the judgment, even when he has previously granted a similar motion to vacate another judgment entered pursuant to a former verdict based upon the same evidence. It is true that a judge should exercise greater caution and scrutinize the evidence more carefully before he grants a second new trial after two juries have reached the same conclusion based upon the same testimony. It follows that upon appeal from a second order granting a new trial under such circumstances, while the trial court is still entitled to the benefit of the well-established rule that the order will be affirmed unless it appears that it was made as the result of an abuse of discretion, the reviewing court will be warranted in reversing the second order for a less aggravated abuse of discretion. ■ Under our statute a trial judge is not only authorized, but it is his solemn duty to exercise a sound discretion in requiring every verdict, no matter how many times a case is tried before him, to harmonize with the facts and the law of the case, to the end that justice may be subserved. Both the judge and the jury have their independent functions to perform, subject only to the sound and sensible restrictions of the law. With due respect for the great benefits derived from our jury system, the conscientious and skilled judge, after all, must assume the final responsibility of seeing that all verdicts substantially conform to justice and law. There is nothing so infallible about the verdict of a jury as to render it unassailable under all circumstances. It is, however, true that a second verdict which reaches the same solution as that adopted by a former jury upon the same facts, furnishes more persuasive reason to assume that it is correct.

The law regarding the number of times a court may grant new trials, for lack of evidence, from judgments rendered pursuant to successive verdicts returned by different juries, based upon the same evidence, is very clearly and completely announced in 46 C. J., page 69, section 21. It is there said:

"In the absence of statute to the contrary, there is no absolute rule limiting the number of new trials that may be allowed in a case for any cause or causes."

This declaration is supported by a host of authorities, both federal and state. From that excellent review of this subject, it will be observed there is some conflict of authority. The statutes of many states specifically limit the number of times a court may grant a new trial for an insufficiency of the evidence. Our state has no such statute. The inference follows that our courts are therefore unlimited in the number of times a new trial may be granted for a lack of evidence provided the orders are made in the exercise of sound discretion and with increasing precaution with each succeeding order. In the absence of statutes limiting the number of times a court may grant new trials, it will be observed the weight of authority sustains the rule authorizing at least a second order granting a new trial under the circumstances of this case. In the case of *Davis* v. *Central States Fire Ins. Co.*, 121 Kan. 69 [245 Pac. 1062], the facts regarding the power of a court to grant a second new trial under circumstances exactly like those which are involved in this case, except that the verdicts were rendered in favor of the plaintiff instead of the defendant, in response to the contention that the court exhausted its power to grant the second new trial, the court said:

"We cannot approve this contention. The fourth of the statutory grounds upon which a new trial may be granted is 'that the verdict . . . is in whole or in part contrary to the evidence'. This does not mean merely that a verdict may be set aside if there is no evidence tending to support it . . . but that a new trial may and indeed must be granted unless the judge is able to give his approval to the finding of the jury as a matter of fact. Nothing in the statute either expressly or by fair implication justifies confining the application of this provision to a single trial or verdict. . . .

" 'It has been the unvarying decision of this court to permit no verdict to stand unless both the jury and the court trying the cause could, within the rules prescribed, approve the same. When the judgment of the trial judge tells him the verdict is wrong, whether from mistake, or prejudice, or other cause, no duty is more imperative than that of setting it aside. . . . '

"The trial judge is not only authorized but required to exercise an independent judgment upon the issue of fact presented. This does not mean that he is to give no weight to the decision reached by the jury. . . . And where the same verdict is reached by two successive juries its persuasive force is obviously increased. But its weight in this connection is to be determined in the district court and not by this court on appeal. . . . The reasons back of the policy of having the judge, in the familiar phrase, act as the thirteenth juror, apply in subsequent trials as well as in the first."

Among the other states which, like California, have no statutes limiting the number of successive new trials which may be granted under the circumstances of this case, and which have rendered decisions in accordance with the preceding quotation from the Kansas case, are Pennslyvania, Georgia, New Jersey, Missouri and Minnesota. The cases upon which the appellant chiefly relies in support of his theory that the court exhausted its discretion to grant a new trial for a second time for a lack of evidence are *Thomas & Co., Inc., v. Hillis,* 70 Wash. 53 [126 Pac. 62], and *Faben* v. *Muir,* 77 Wash. 460 [137 Pac. 1042]. We are not in accord with the principle upon which these cases were determined.

Since the court is vested with a sound discretion to determine upon a motion for new trial whether the verdict and judgment are supported by the evidence, and that its conclusion in that regard will not be disturbed on appeal except for an abuse of discretion (20 Cal. Jur. 27, sec. 13; 20 Cal. Jur. 111, sec. 71; 2 Cal. Jur. 905, sec. 533; *Estate of Bell,* 198 Cal. 32 [243 Pac. 423]; *Newman* v. *Overland Pac. Ry. Co.,* 132 Cal. 73 [64 Pac. 110]), and that the same rule prevails even to the granting of a new trial for the lack of evidence, from a second judgment based upon the same evidence, and there being nothing in the record on appeal in this case to indicate an abuse of discretion, it

follows that the order granting a new trial on that ground should be affirmed.

We are unable to say there was an abuse of discretion in granting a new trial. It is not unreasonable to assume the judge was convinced from the evidence that the defendant was guilty of negligence in driving at a rapid rate of speed in such close proximity behind another machine, or that he was negligent in attempting to pass the machine in violation of section 122 of. the California Vehicle Act, as it then existed, without first ascertaining that the highway on his left side was ''clearly visible and free of oncoming traffic for a sufficient distance ahead to permit such overtaking and passing to be made in safety''. If the judge did believe that the evidence clearly shows the defendant to have been guilty of negligence, and upon the contrary that the plaintiffs were free from contributory negligence, it was his duty to grant a new trial. The order should therefore be affirmed on that ground.

The order should be affirmed for another reason. The new trial was granted on the ground of the insufficiency of the evidence to support the judgment, and ''upon the other grounds set forth in the motion''. The motion was made upon all the grounds authorized by section 657 of the Code of Civil Procedure, except the fifth, which has reference to excessive damages. Upon their motion for new trial the plaintiffs relied specifically upon alleged irregularities in the proceedings, the alleged misconduct of adverse counsel .and upon newly discovered evidence. Affidavits were filed in support of these contentions. Counter-affidavits were also filed. The averments of these affidavits were conflicting. The appellant has made no claim on appeal and he presents no showing to indicate that the court was in error in granting the new trial on these last-mentioned grounds. The state of the record in that regard appears to amount to a concession that the new trial was properly granted on those grounds. In his brief, the appellant has made no effort to comply with the requirements of Rule VIII, sections 2 and 3, of the Rules for the Supreme Court and District Courts of Appeal, by even suggesting in his statement of points involved, which appears on the first page of his brief, that there was error in granting the new trial for any reason other than that which is involved in the

alleged sufficiency of the evidence. There was no effort to point out any evidence in the affidavits or elsewhere in support of a claim that the new trial was erroneously granted on any of the other grounds.

It is a well-established rule that when a new trial is granted in general terms, it includes all the grounds upon which the motion was made, except that the court must specifically mention the one of insufficiency of the evidence according to the requirements of section 657 of the Code of Civil Procedure, and under such circumstances the order will be affirmed on appeal if it finds adequate support on any of the grounds included within the general order. (*Mercantile Trust Co.* v. *Sunset Road Oil Co.*, 176 Cal. 461 [168 Pac. 1037].) Since we are pointed to no lack of evidence, and since no reason is assigned by the appellant why the order is not adequately justified upon the grounds of newly discovered evidence and prejudicial irregularity of the proceedings, we must assume the new trial was properly granted on those grounds. It is said in *Power* v. *Fairbanks,* 146 Cal. 611 [80 Pac. 1075, 1076], that "Every presumption is in favor of that order, and it devolves upon the party appealing from an order granting a new trial to affirmatively show error."

The order granting a new trial is affirmed.

Pullen, P. J., and Plummer, J., concurred.