[Civ. No. 5002.   Third Appellate District.—November 5, 1934.]

L. L. LOMBARD, Respondent, v. HAROLD SWALL et al.,
Appellants.

Neumiller & Ditz and R. L. Beardslee for Appellants.

Gumpert & Mazzera, C. H. Hogan and Erwin C. Easton for Respondent.

THOMPSON, J.—The defendants have appealed from an order granting a new trial in an automobile casualty case after a verdict had been returned in their favor. It is contended the judge abused his discretion in granting a new trial for the reason that there is no substantial evidence of the negligence of the defendants.

At 11 o'clock on the night of January 14, 1932, the defendant Ben Hicks was driving a heavily loaded truck and trailer belonging to the other defendants along the highway four miles east of Tracy. The paved portion of the highway at that point is 21 feet in width with an eight-foot shoulder on either side. A wet snow was falling. The highway was covered with a coating of snow. The truck and trailer were each equipped with two green clearance lights on either side, and the trailer had a red tail-light, all of which were burning at the time of the accident. Until just previous to the accident the driver had experienced no engine trouble. There was no mechanical defect in the truck machine. It was equipped with good brakes. Hicks had observed two other automobiles following behind his truck. The nearest one, which was

driven by S. W. Curtis, was about a block behind the truck, when suddenly, without previous warning, the carburetor of the truck began to sputter. Mr. Hicks testified that he immediately turned his truck toward the right-hand side of the highway and reached a point where the right wheels of his vehicle were off the concrete pavement about two feet on the shoulder of the roadway. The truck had run a distance of about one block after the trouble began when he brought it to a stop by applying the brakes. The instant that the truck stopped the plaintiff's Chrysler sedan crashed into the rear end of the trailer and the plaintiff was seriously injured. Hicks said that he had been running at the rate of 25 or 30 miles an hour prior to the time when the carburetor began to sputter. He knew the other cars were following in close proximity. He also knew that the highway was covered with wet snow, and that snow was obscuring the vision to some extent by adhering to the windshield. After he stopped it appears that he merely switched the gasoline feed to another tank and the truck continued to run without further difficulty.

Mr. Curtis testified that he was driving an Oakland coach at the rate of about 20 miles an hour, and that his vision was blinded by the accumulation of snow on his windshield and the glare of the headlights of the plaintiff's machine which was following about 50 feet behind his car. Suddenly he saw the dark object, which proved to be defendant's truck, about 20 feet ahead. There was also an approaching automobile on the left-hand side of the highway. He had not previously seen the defendants' truck. Nor had he seen the tail-light on the trailer. Believing that it would be impossible for him to stop in time to avoid a collision, he swerved around the right side of the truck, traveling on the shoulder of the highway, until he returned to the paved portion thereof ahead of the truck, where he stopped.

The plaintiff had not seen the truck which was traveling ahead of Curtis' machine. He testified that he was following at the rate of 18 or 20 miles an hour behind the Curtis car, when it suddenly disappeared around the right side of the truck. The rear end of the trailer suddenly loomed out of the darkness in front of his machine.

He was unable to stop his automobile and crashed into the trailer, demolishing the front end of his car and seriously injuring himself.

The cause was tried with a jury, which rendered a verdict in favor of the defendants. A motion for a new trial was presented on all of the grounds specified by section 657 of the Code of Civil Procedure. The new trial was granted "on the ground, *among other things,* of insufficiency of the evidence". From this order granting a new trial the defendants have appealed.

■ It is contended the court abused its discretion in granting a new trial for the reason that there is no substantial evidence of the defendants' negligence, and on the contrary, that the evidence shows contributory negligence on the part of plaintiff as a matter of law. It is also asserted the record did not warrant the court in granting a new trial on any of the grounds specified in the notice of intention to move for a new trial, other than the insufficiency of the evidence.

We are unable to say there was an abuse of discretion on the part of the trial judge in granting a new trial on the ground of the insufficiency of the evidence to support the verdict. There is a clear conflict of evidence. While the driver of the truck testified positively that the tail-light on the rear end of his trailer was burning both before and after the accident, both Curtis and Lombard testified that they saw no red light before the accident, and that it positively was not burning after the accident occurred. It was a dark and stormy night. The highway was covered with wet snow. Snow clung to the windshield and somewhat obscured the vision of the drivers of the vehicles. Traveling on the highway was unusually dangerous under such circumstances. The truck driver had carburetor trouble, in spite of which he was able to propel his machine for a distance of about a block before he brought it to a stop. With knowledge of these facts and conditions, he stopped his truck, overlapping the concrete nearly the entire width of his machine, knowing that his vehicle was followed in close proximity by two other cars. We do not hold that this conduct on the part of the truck driver constitutes negligence. On a motion for new trial it is the sole province of the trial judge to determine

the weight and sufficiency of the evidence. We may not hold as a matter of law that the trial judge abused his discretion in that regard in determining upon such evidence that a new trial should be granted.

■ Nor can we say, as a matter of law, that the plaintiff was guilty of contributory negligence. This also was a question of fact to be determined by the trial judge on the motion for a new trial. We are of the opinion he did not abuse his discretion in that regard.

■ The trial judge is vested with a sound discretion to determine on motion for a new trial whether the verdict is supported by the evidence, and, on appeal, that discretion will not be interfered with unless it appears there is a clear abuse thereof. (*Otten* v. *Spreckels*, 24 Cal. App. 251 [141 Pac. 224]; *Petroff* v. *Nunes*, 136 Cal. App. 416 [29 Pac. (2d) 293]; 20 Cal. Jur. 27, sec. 13; 20 Cal. Jur. 111, sec. 71; *Newman* v. *Overland Pac. Ry. Co.*, 132 Cal. 73 [64 Pac. 110].)

■ Moreover, we are of the opinion the court erred in giving to the jury an instruction which was offered by the defendants, based upon the provisions of section 94 of the California Vehicle Act, to the effect that if the jury found that the plaintiff's automobile was not equipped with brakes which enabled him to stop his car within a limited number of feet when traveling at a specified rate of speed, and that such defective brakes contributed to the accident, he would be guilty of contributory negligence which would preclude him from recovering a judgment in this case.

There is no evidence in the record that plaintiff's automobile was equipped with defective brakes. There is no evidence that the failure of his brakes caused or contributed to the accident. When the plaintiff suddenly saw the truck immediately ahead of his car he did not know just what he did. He thought he threw the lever into neutral, but the crash occurred instantly. He said in that regard: ''Q. When you did see it [the truck], what, if anything, did you do? A. I don't know. Q. Did you apply your brakes? A. I don't know.'' His emergency brake was not set, for he applied that brake after the accident occurred. It does not appear how close to the trailer his machine was when he first observed it. There is no evidence of the distance within

which he had an opportunity to apply his brakes, to warrant the giving of an instruction based on the table of distances set forth in section 94 of the California Vehicle Act, to determine whether his brakes were defective in that regard. Moreover, that test of what is deemed to be adequate mechanical brakes is specifically fixed with reference to conditions including *"dry asphalt* or concrete pavement surface". The evidence is undisputed that the highway was covered with wet and slippery snow. The instruction is not applicable to the facts of this case as they are disclosed by the record.

When a new trial is granted "on the ground, among other things, of insufficiency of the evidence", the order will be sustained if it finds adequate support on any of the grounds upon which the motion is presented. When a new trial is granted in general terms, it is sufficient to cover any ground therefor, upon which the motion is presented, except that the court is required by the provisions of section 657 of the Code of Civil Procedure to specify that there is an "insufficiency of the evidence to sustain the verdict", when the new trial is based upon that ground. (*Petroff* v. *Nunes,* 136 Cal. App. 416, 423 [29 Pac. (2d) 293] ; *Mercantile Trust Co.* v. *Sunset Road Oil Co.,* 176 Cal. 461 [168 Pac. 1036, 1037].) In the present case it is evident from the language of the trial court that the new trial was granted on the ground of "insufficiency of the evidence" and upon other grounds not specified in the order.

The order is affirmed.

Pullen, P. J., and Plummer, J., concurred.