In re GEISER.

In re McGRATH.

(District Court, D. Montana. April 1, 1904.)

1. BANKRUPTCY—CONSTABLES—LEVY—SURPLUS—PAYMENT.

A constable, after having sold a debtor's property on execution, returned the execution as satisfied, and alleged that he had returned the surplus to the purchaser at the sale. The debtor having become bankrupt, his trustee demanded such surplus. The constable, on being cited to show cause why he should not pay the money, testified that he had never received the same. *Held*, that if he sold the property on credit, or failed to collect the amount bid, he was prima facie liable for the surplus to the execution debtor, and was therefore properly adjudged to pay the same to the trustee.

In Bankruptcy.

Sanders & Sanders, for Drake, trustee.

Davies & Haskins, for McGrath.

KNOWLES, District Judge. In this case it appears that there was a suit brought in the justice's court of Silver Bow township, Silver Bow county, Mont., before John Doran, a justice of the peace, by W. M. Montgomery & Co., against said George F. Geiser. The complaint and an affidavit and undertaking in attachment were filed August 27, 1903, and the summons and writ were duly issued and placed in the hands of John McGrath, constable, for service, and he executed the writ of attachment by levying the same, and taking into his possession certain personal property belonging to the said defendant, George F. Geiser, consisting of fixtures, tools, and appliances used by said defendant in connection with a butcher shop and business, and also upon some perishable goods, consisting of fresh and salt meats, fish, etc. During the pendency of this suit and before a judgment was entered therein, said McGrath, as constable, sold certain of the property as perishable, and realized $67.50 from the sale thereof. Out of the sum realized, he paid $8 as compensation to a keeper of the property, and the balance, $59.50, he paid over to Justice Doran, to await the final disposition of the suit. On September 2, 1903, a judgment was made, given, and entered in favor of said W. M. Montgomery & Co., plaintiffs in said suit, and against said George F. Geiser, defendant, for the sum of $197.49 damages and costs, and on September 2, 1903, an execution was duly issued upon said judgment and delivered to the said John McGrath, constable, and under it said McGrath sold the remaining personal property of the defendant at public sale on September 8, 1903, to one A. P. Henningsen, for $400, who was the highest and best bidder therefor, and said McGrath delivered said property to said Henningsen. Pending the suit one Charles Hartneck filed his labor or wage claim under the statute, which claim was allowed in the sum of $62.50. Out of the moneys realized from said sale under said execution, the said McGrath paid in the sum of $209.19, the amount of said judgment, costs, and interest, and retained $19.64 for his expenses and costs, and paid the labor claim of said Hartneck,

in the sum of $62.50, and returned said execution as satisfied. The total amount of the judgment, costs, interest, accruing costs, and of said labor claim was $291.33. This would leave a balance in his hands of $176.17, and this amount, in his return made by said McGrath, he alleges, was paid back to said A. P. Henningsen. In the meantime, and on the 23d day of September, 1903, upon a petition in involuntary bankruptcy proceedings filed in this court by certain of his creditors, said George F. Geiser was duly adjudged a bankrupt, and Frederick H. Drake was on the 12th day of October, 1903, duly appointed as the trustee of the estate of said bankrupt, Geiser; and, upon qualifying as such trustee, said Drake made demand upon said McGrath for the payment to him of the said sum of $176.17, as a part of the estate of said bankrupt. Said McGrath failed, neglected, or refused to pay said sum, or any part thereof, to said Drake, who made complaint to Thompson Campbell, one of the referees in bankruptcy of this court, to whom the said bankruptcy matter had been referred; and thereupon said Campbell issued an order to show cause, requiring said McGrath to appear before him and show cause why he should not pay over and surrender to said Drake the balance of $176.17 in his hands as the proceeds of his execution sales. This order was duly served upon said McGrath, and he appeared in person and by attorney before the referee and answered, and asked to have the proceedings on said order continued, in order that he might make amendment of his return on said execution. As to what matters he expected to amend, said return does not appear. He seems to have had plenty of time in which to amend his return, but no amended return was presented to the court. Upon the hearing had before the referee, said McGrath was ordered to pay said balance to the trustee. He again failed to pay over this balance, and thereupon he was adjudged to be in contempt, and the matter was certified to this court by said referee. The evidence of the defendant shows that he received the sum of $67.50 specified above, and that he sold the remainder of the bankrupt's property for $400. He denies, however, that he received this $400, or any part thereof. It also appears that he delivered the said property so sold by him to said Henningsen.

A sheriff who fails to collect the amount of a bid made at an execution sale is prima facie liable to the execution debtor as for a neglect of duty. Murfree on Sheriffs, § 999a. If an officer sells the property on credit, without authority, he and his sureties are liable for all loss. Murfree, supra, § 993a. To the same effect is Maddox v. Rader, 9 Mont. 126, 22 Pac. 386. It appears from these authorities that if the defendant in this case sold the property to Henningsen on credit, or in any other way than for cash, he made himself liable personally for the amount of the bid made by said Henningsen. In fact, he would be estopped, under such circumstances, to claim that he never received any money for the property. The effect of this would be to place the defendant in the same position in which he is found by his return upon the execution, and I am not called upon to determine whether or not defendant, as between himself and the trustee of the bankrupt's estate, was not absolutely bound by his return. In law, the defendant would be found

to have $176.17 of money in his possession, which, under the statute law, he is required to account for. He did not pay the same over to the bankrupt, Geiser, nor to the justice's court in which the aforesaid action was pending, and he has not paid the same over to the trustee of the bankrupt's estate. Having been ordered to pay said sum to the trustee by Thompson Campbell, Esq., one of the referees in bankruptcy of this court, and, having failed to do so, adjudged in contempt, and the matter certified up to this court. The defendant now urges that he should not be punished for contempt, because he is a poor man, with a large family, and unable to comply with the orders of the court. The defendant's affidavit upon this point is unsatisfactory. In his return to the execution he stated that he had paid the money over to Henningsen. In his evidence before the referee he swears that he never received the money. If he paid this $176.17 over to Henningsen without any order of court, or if he failed to collect this sum from Henningsen at the sale made to him, he has voluntarily placed himself in a position where he cannot comply with the orders of the court, and thus becomes liable to its command to perform his duty. See Rapalje on Contempts, § 17; Galland v. Galland, 44 Cal. 475, 13 Am. Rep. 167; People v. Salomon, 54 Ill. 39. It does not appear that the defendant cannot collect this money from Henningsen, and there is no reason why he should not make some endeavor to do so. Henningsen has no right to this money, according to his statement. I think, therefore, the judgment and order of the referee that the defendant be found guilty of contempt must be affirmed. If at any time it should satisfactorily appear that the defendant is absolutely unable to pay over this money, the court will consider it.

It is therefore ordered that the defendant, John McGrath, be, and he is hereby, required to pay the said balance of $176.17 to Frederick H. Drake, the trustee of the estate of George F. Geiser, bankrupt, within five days, or if he shall fail within said time to make such payment, that said John McGrath be committed to the custody of the United States marshal for the District of Montana, and be imprisoned until he shall fully comply with this order; and that said McGrath pay the costs of this proceeding.