[No. 10813. Department One. January 23, 1914.]

VINCE H. FABEN, *Appellant*, v. B. L. MUIR, *Respondent*.[1]

ACTIONS—NATURE—LAW OR EQUITY—JURY—RIGHT TO JURY TRIAL. An action to recover on account for attorney's services, in which the answer called for an accounting and credit for various sums of money received, is properly tried to a jury as an action at law, where the dominant issue presented, both by the pleadings and evidence, was whether or not a definite contract of employment fixed the amount plaintiff was to receive, or whether he was entitled to recover on a *quantum meruit;* the exact amount of money received and the credits to the defendant being conceded.

APPEAL—DECISION—LAW OF CASE—NEW TRIAL—SUFFICIENCY OF EVIDENCE. Where a new trial was granted to defendant because of insufficiency of the evidence to sustain a verdict for the plaintiff, and the order was affirmed on appeal, and upon a retrial upon the same evidence, which was conflicting, a verdict was rendered for defendant, a new trial cannot be granted for insufficiency of the evidence; since the question of the sufficiency of the evidence is foreclosed.

[1]Reported in 137 Pac. 1042.

Appeal from a judgment of the superior court for King county, Ronald, J., entered February 21, 1912, upon the verdict of a jury rendered in favor of the defendant, in an action on contract. Affirmed.

*S. H. Kelleran,* for appellant.

*Will H. Thompson,* for respondent.

ELLIS, J.—This is an action by an attorney at law to recover a balance claimed to be due upon account for professional services. A prior trial resulted in a verdict for over $700 in the plaintiff's favor. The trial court ordered a new trial on the specific ground that the evidence was insufficient to sustain the verdict. The plaintiff appealed, and this court affirmed that order. *Faben v. Muir,* 59 Wash. 250, 109 Pac. 798. A second trial resulted in a verdict of $400,31 for the defendant. The plaintiff's motion for a new trial was overruled. From a judgment on the verdict, he again appeals, urging two grounds which he claims entitle him to a reversal, namely: (1) that the respondent's answer called for an accounting and credit for various sums of money received by the appellant as attorney, making the action one of equitable cognizance, triable to the court, and that the court erred in submitting the issues to a jury over the appellant's objection; (2) that, in any event, a new trial should have been granted for insufficiency of evidence to support the verdict.

The appellant brought his action as one at law, but he contends that the nature of the action as one at law or in equity is determined by the substance of the issues as presented by the entire pleadings, and as developed by the proof. As a general rule, this must be conceded on the authorities. Tested even by this rule, however, the record here presents a cause triable by jury. Touching the issues, we said on the first appeal:

"An examination of the evidence discloses, however, that the question of the excessiveness of the verdict was dependent

on the view taken of the question whether there was a contract between the parties fixing the amount the appellant was to receive for his services. If there was such a contract, as the respondent contended, then the verdict was excessive; in fact the verdict should have been in his favor rather than against him. On the other had, if there was no contract, and the appellant should be permitted to recover on a *quantum meruit*, the verdict could be said to be within the evidence introduced to show the value of the services."

Clearly, we then regarded the question as to whether or not there was a contract fixing the amount appellant was to receive for his services as the substance of the issue. The second trial was upon the same pleadings and the same evidence as the first. By stipulation, the evidence introduced at the first trial was read to the jury on the second trial, and constitutes the statement of facts on this appeal. Upon this unchanged record, we still regard the dominant issue presented, both by the pleadings and by the evidence, as simply this: Was there a definite contract as to the amount appellant was to receive for his services, or was he entitled to recover on a *quantum meruit?* As to the amount of the moneys which had come into the appellant's hands, for which he must account, and to which the respondent was entitled to credit, there was no serious controversy. In his brief, discussing the sufficiency of the evidence, the appellant now admits this, using the following language:

"From the pleadings and proof, the parties seemed to be agreed as to the exact amount of money which had come into the plaintiff's hands, and to which defendant was entitled to credit, viz., $1808.91."

This concession, which the respondent accepts and which the record necessitates, negatives the assumption that there was any such question of an accounting presented by the answer as to make the action one essentially cognizable in equity. The court committed no error in submitting the cause to the jury.

Nor did the court err in refusing a new trial. As pointed out in our former opinion, the evidence was sharply conflicting. Upon a re-examination of the same evidence, we are still of the same opinion. This phase of the case is ruled by our decision in *Thomas & Co. v. Hillis*, 70 Wash. 53, 126 Pac. 62. We there held, where a new trial was granted because the evidence was insufficient to sustain a verdict for the defendant, and the order was affirmed on appeal, that, upon a retrial of the same case upon substantially the same evidence, which was conflicting, it was an abuse of discretion to set aside a verdict for the plaintiff as not sustained by the evidence. Under this rule, it would have been positive error to grant a new trial upon the record before us. Here the evidence was not only substantially the same, but identically the same on the second trial as on the first. In *Thomas & Co. v. Hillis*, we said:

"The evidence being conflicting, and it being held by one judge and one jury that its weight is with the plaintiff, and another judge and a jury having held that weight to be with the defendants, there must be evidence to sustain a verdict one way or the other, and there being no error of law to compel a new trial, we are of the opinion that it was an abuse of discretion on the part of the trial judge to set aside a verdict rendered upon a second trial upon the ground of insufficiency of the evidence."

The case here presented invokes the rule there announced even more emphatically. Here two judges and one jury have held, upon the same record, that the weight of the evidence was with the defendant. The verdict of one jury to the contrary was set aside by the trial court, and we sustained his action on the former appeal. If there is ever to be an end of this litigation, there must be a time, as was said in the *Thomas* case, "when the question of the insufficiency of the evidence to sustain a verdict is foreclosed."

The judgment is affirmed.

CROW, C. J., MAIN, CHADWICK, and GOSE, JJ., concur.