[Civ. No. 10870. First Appellate District, Division One.—November 17, 1939.]

ALBERT J. WHITFIELD, Respondent, v. JOSEPH DE BRINCAT, Appellant.

John J. Taheny for Appellant.

Archibald D. McDougall and Bronson, Bronson & McKinnon for Respondent.

WARD, J.—This is an appeal from an order granting plaintiff's motion for a new trial upon the ground of the insufficiency of the evidence to sustain the verdict in an action for damages for personal injuries resulting from an accident on the Skyline Boulevard in San Mateo County, two former trials in the action having been had.

The question involved may be stated as follows: When a second new trial is granted the same party for insufficiency of the evidence, is a more positive and affirmative duty placed upon an appellate court to apply a more strict rule of review than upon the first appeal from such an order?

The first order granting a new trial on the ground of the insufficiency of the evidence will not be disturbed upon appeal unless there has been a manifest or unmistakable abuse of discretion. (*Ogando* v. *Carquinez Grammar School District*, 24 Cal. App. (2d) 567 [75 Pac. (2d) 641]; *Morgan* v. *Los Angeles Pacific Co.*, 13 Cal. App. 12 [108 Pac. 735].) If, from all of the evidence upon which the decision was made, the trial court is convinced that a correct conclusion has not been reached, it is the duty of the court to grant a new trial. In *Estate of Caspar*, 172 Cal. 147, 149 [155 Pac. 631], the court said: "In this state, though the evidence

*pro* and *con* upon the issues be substantial and conflicting, it is the duty of the trial judge to set aside a verdict at least once if his conviction is that the verdict is contrary to the weight of the evidence. . . . With the statement that the number of times that a trial judge may so exercise his powers to set aside a verdict in a given case is in many states controlled by statute, as in this state it is not, and that therefore it becomes the duty of the judge to set aside a verdict as often as his conscience is impressed with its injustice, it will suffice upon the general question to cite *Clark* v. *Barney Dumping Co.*, 109 Fed. 235; *In re Geiser,* 129 Fed. 237; *Daniels* v. *Leonard,* 105 Ga. 841 [32 S. E. 122] ; *Dethrage* v. *City of Rome,* 125 Ga. 802 [54 S. E. 654] ; *Howard Express Co.* v. *Wile,* 64 Pa. St. 201; *Van Doren* v. *Wright,* 65 Minn. 80 [67 N. W. 668, 68 N. W. 22] ; *Wilkie* v. *Roosevelt,* 3 Johns Cas. [N. Y.] 206 [2 Am. Dec. 149] ; *Van Blarcom* v. *Kip,* 26 N. J. L. 351; *Gibson* v. *Hill,* 23 Tex. 77.''

If the insufficiency of the evidence is upon a question of law, the issues involved may be disposed of by the trial court or upon appeal after the first trial. Here we are concerned with the insufficiency of the evidence from a factual standpoint. The constitutional right in certain proceedings to have issues determined by a jury is subject to the wide discretion of the trial court. The views of the jurors returning the verdict should be given due weight, but it cannot always be said that the determination so reached is the correct and proper conclusion and the only one that will adequately conform to the ends of justice. The rule, that the trial judge when convinced that the evidence is insufficient to justify the verdict or that the weight of the evidence is against the decision, should grant a new trial, is a salutary one for the protection of litigants. The conclusion of the jury may be incorrect, likewise that of the judge, but if an abuse of discretion appears the injustice may be remedied upon appeal or upon a second trial. ■ If a similar verdict should be returned by a second jury upon substantially the same evidence, such verdict would be a strong indication that the trial judge was incorrect in his conclusion, and, upon the general principle that there must be an end to litigation (*Hogan* v. *Horsfall,* 91 Cal. App. 37 [266 Pac. 1002]) and that litigants should not be harassed and annoyed by prolonged litigation, the question should be approached with

caution and greater care exercised in an examination of the evidence upon the theory that a second verdict "furnishes more persuasive reason to assume" that the solution by the jury is correct. (*Petroff* v. *Nunes,* 136 Cal. App. 416, 419 [29 Pac. (2d) 293].) However, it still remains the duty of the trial judge to exercise sound discretion to harmonize the facts and the law. In *Petroff* v. *Nunes, supra,* at page 419, the court said: "Both the judge and the jury have their independent functions to perform, subject only to the sound and sensible restrictions of the law. With due respect for the great benefits derived from our jury system, the conscientious and skilled judge, after all, must assume the final responsibility of seeing that all verdicts substantially conform to justice and law."

▇ Among the considerations for the rule that after two or more trials greater care and caution should be given to a scrutiny of the evidence is the one whether or not a retrial would result in a different verdict. In determining this question, an appellate court may consider the number of trials, whether the evidence upon each trial was substantially the same, the number of verdicts and the similarity of the provisions of each, the orders for new trial and the grounds thereof. ▇ In the instant case, there have been three trials, each resulting in a verdict. The first awarded affirmative relief for the defendant in a small amount; the second assessed a substantial award to plaintiff; the third jury returned a verdict finding that neither plaintiff nor defendant "take anything". Though the transcript of evidence in each case is not before us, we may assume from the briefs that the evidence was substantially the same, except that in the second trial a witness called by defendant gave certain "surprise testimony". The last verdict is not in conformity with either of the two preceding verdicts, the only similarity among the three being that in the first and third verdicts the defendant prevailed; in one instance he received an award of damages, and in the other, the effect of the verdict was to find for defendant upon plaintiff's complaint, and for the plaintiff and cross-defendant upon defendant's cross-complaint. It should be mentioned also in this connection that each trial was presided over by a different judge. The concurrence of two juries would be quite significant; likewise

the concurrence of two judges in disagreement with the laymen's conclusion.

It is the contention of appellant that the opinion on the prior appeal, following the second trial (*Whitfield* v. *Debrincat*, 18 Cal. App. (2d) 730, 738 [64 Pac. (2d) 960]), stated that the final verdict would probably be for the defendant, and in support of this contention he quotes part of a sentence reading as follows: " . . . one seeking relief upon the grounds of surprise must show what case he can establish in the event of a new trial and that a different result would be reached, favorable to him". The balance of the sentence should have been added: "it cannot be said in the case at bar that the lower court manifestly abused its discretion in holding that such a showing was made". The view of the court in the former appeal is epitomized on page 738 as follows: "The lower court apparently believed that a different result might have been reached, and we cannot say that this conclusion was wholly unfounded."

The evidence in the case at bar presents the oft-repeated happening of two automobiles driving on the same road in opposite directions. An accident occurred; the injured parties claimed damages. Each driver testified that he operated his car on the right side of the road in the direction of his travel. Manifestly, plaintiff or defendant crossed the line designating the approximate "middle of the road". Evidence of physical facts was introduced from which inferences might be drawn that plaintiff or defendant was responsible for the collision. The evidence is such that a verdict for plaintiff or defendant could be upheld, and likewise an order for a new trial in favor of either party.

Under the circumstances presented in the record, we are not prepared to say that the verdict of the jury in this case comes within the category of a verdict similar to that adopted by a former jury upon the same facts, so that it "furnishes more persuasive reason to assume that it is correct". It does not appear from the record that a mere difference of opinion existed between the jury and the judge and that the judge desired simply to enforce "his individual will", or that the judge did not have substantial grounds for granting a new trial. The cases upon which appellant relies are similar to *Thomas & Co., Inc.,* v. *Hillis,* 70 Wash. 53 [126 Pac. 62], and *Faben* v. *Muir,* 77 Wash. 460 [137 Pac 1042].

In *Petroff* v. *Nunes, supra,* referring to the above-cited cases, the court said at page 421: "We are not in accord with the principle upon which these cases were determined."

The order granting a new trial is affirmed.

Peters, P. J., and Knight, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 11, 1940.