[Civ. No. 12140. First Dist., Div. One. Nov. 30, 1942.]

ROBERT BAYLEY et al., Appellants, v. GEORGE A. SOUZA et al., Defendants; ETHEL EWING et al., Respondents.

O'Brien, Dibert & Acton and Lionel Browne for Appellants.

Hadsell, Sweet, Ingalls & Carroll for Respondents.

KNIGHT, J. — Plaintiffs appeal from an order granting a new trial as to two defendants, in an action for damages arising out of an automobile accident. The new trial was granted upon the ground of insufficiency of evidence, and the order so specified. This was the second trial of the action, and is the second appeal that has been taken therein.

The accident involved three cars. The plaintiffs, Robert and Florence Bayley, husband and wife, were the occupants of one car, and the other two were driven respectively by George A. Souza and Audrey Wheeler (now Mrs. Bates). Souza, Mrs. Bates, and Ethel Ewing, the owner of the Bates car, were joined as parties defendant. Each trial took place before a jury. The first resulted in a verdict against the defendants Bates and Ewing for $1,500, and Souza was exonerated. Plaintiffs being dissatisfied with the amount of the award and the verdict exonerating Souza from liability moved for a new trial as against all defendants; and Mrs. Bates and Mrs. Ewing moved for a new trial as to them. Both motions were granted, Souza appealed, and the order granting the new trial was affirmed, thereby setting the cause at large for re-trial as to all defendants on all issues. (*Bayley v. Souza*, 42 Cal.App.2d 166 [108 P.2d 725].)

The second trial was had in a department of the court presided over by a different judge, and it resulted in a verdict against the defendants Bates and Ewing for $5,000, and Souza was again absolved from liability. Mrs. Bates and Mrs. Ewing moved for a new trial as to themselves, and as stated the motion was granted upon the ground of insufficiency of evidence, which gave rise to the present appeal. In their

opening brief plaintiffs stated that the appeal was directed only against the defendants Bates and Ewing; and at the time of oral argument Souza moved for and was granted a dismissal of the appeal as to him.

The accident happened about 6:30 o'clock on a Sunday evening on a main highway in Marin County known as the Black Point Cut-Off. The highway in that locality runs in a general easterly and westerly direction, and a white line divided it into two lanes, one for the east-bound traffic and the other for the west-bound. Souza was driving easterly, and the other two were in a line of cars travelling in the opposite direction. The Bates car was in the line ahead of plaintiffs; but there is a dispute as to whether it was immediately in front of plaintiffs' car or whether a car driven by one Petroff was in between them. The Souza and the Bates cars collided, and the Souza car then struck plaintiffs; but there is a sharp conflict in the evidence as to the cause of the collision between the Souza and the Bates cars. According to some of the witnesses the Souza car veered over the center line and struck the Bates car, and according to other witnesses the Bates car cut out of the line of the west-bound traffic and collided with Souza. ■ The law is well settled that where there is a substantial conflict in the evidence upon disputed issues which are material to the determination of the question of liability, the trial court may exercise its powers to set aside the verdict of a jury and order a new trial; and that under such circumstances its order will not be disturbed on appeal.

■Plaintiffs contend, however, that the decision rendered on the former appeal became the law of the case on the question of responsibility for the accident; that the evidence at the second trial was the same as that on the first, and that since on the second trial, as on the first, the jury found against the defendants Bates and Ewing and exonerated Souza, the trial judge was precluded from granting a new trial on the ground of the sufficiency of the evidence as to the defendants Bates and Ewing. There is no merit in such contention. The determinative question presented on the former appeal was whether the order made therein granting a new trial as to Souza ''on all issues'' was in view of the proceedings there had reasonably susceptible of the interpretation that the trial court intended to include therein as a ground of the order insufficiency of the evidence. The court held that it was, and then went on to hold that it was clearly within the discre-

tionary power of the trial court to grant or refuse a new trial on that ground, because there was substantial evidence upon which to base a finding that the accident was due to the negligence of Souza, or to the negligence of Mrs. Bates, or to their concurring negligence. There was a dissenting opinion filed expressing a contrary view as to the construction that should be placed upon the form of the order made therein; but in the dissenting opinion also it was pointed out that the conflicting state of the evidence was such as would have justified a finding of negligence as against Souza, or Mrs. Bates, or both.

Moreover, on the second trial a new witness was produced whose testimony strongly supported the claim that Souza veered over the middle line and struck the Bates car; and admittedly the doctrine of the law of the case for which plaintiffs are contending may not be invoked unless the evidence on the second trial is substantially the same as on the first trial. Plaintiffs argue that the testimony of the new witness was merely cumulative; but even though it be so considered, it may not for that reason alone be disregarded. (*Wallace* v. *Sisson,* 114 Cal. 42 [45 P. 1000]; *Foley* v. *Northern California Power Co.,* 165 Cal. 103 [130 P. 1183].) As said by the court in the former case, the testimony of each additional witness strengthens the proof of the fact; and in the present case it may have served as the motivating reason for the granting of the new trial.

It is doubtless true that before a trial judge grants a second new trial after a jury in a former trial has reached the same conclusion based on the same testimony he should exercise greater caution and scrutinize the evidence more carefully; and it is also true that upon appeal from a second order granting a new trial under such circumstances, while the trial court is entitled to the benefit of the well-established rule that the order will be affirmed unless it appears that it was made as the result of an abuse of discretion, the reviewing court will be warranted in reversing the second order for a less aggravated abuse of discretion. (*Whitfield* v. *De Brincat,* 35 Cal.App.2d 476 [96 P.2d 156].) In fact in some states the number of times a trial judge may so exercise his powers to set aside a verdict in a given case is controlled by statute; but there is no such statute in this state, and it becomes the duty of the judge to set aside a verdict whenever his conscience is impressed with its injustice. (*Whitfield* v. *De Brin-*

*cat, supra.*) In the present case we find nothing in the record indicating that the trial court failed to exercise due caution or to scrutinize the evidence carefully, nor have any persuasive reasons been advanced which would warrant the conclusion that the trial court's ruling in granting a new trial constituted an abuse of discretion.

Plaintiffs point out that the trial court denied a motion for nonsuit made in behalf of the defendants Bates and Ewing, and later on denied motions for a directed verdict and for judgment in their favor notwithstanding the verdict. But the situation is not altered thereby for the reason that the legal rules by which a trial court is governed in the determination of such motions are entirely different from those relating to the exercise of his power to grant a new trial upon the ground of insufficiency of the evidence. Nor do we deem any of the numerous cases from which plaintiffs have quoted as being here controlling, for an analysis of those cases demonstrates that they involved factual situations different from the one here presented.

The order is affirmed.

Peters, P. J., and Ward, J., concurred.