[Civ. No. 16163.   Second Dist., Div. One.   July 8, 1948.]

ORA ETHEL PERRY et al., Respondents, v. A. E. FOWLER et al., Appellants.

Parker, Stanbury & Reese and White McGee, Jr., for Appellants.

Arthur Garrett for Respondents.

DORAN, J.—"This is an action for the wrongful death of John Hubert Perry and is brought by his widow and two minor children. The complaint alleges that on August 24, 1945, in the County of Los Angeles, California, the deceased, while employed as a rigger, met his death as the proximate result of the negligent operation of a crane by the defendants. The answer denies any negligence upon the part of defendants or any of them and affirmatively pleads contributory negligence as to the deceased."

The jury returned a verdict in favor of all defendants. "A motion for new trial was made upon several grounds, including insufficiency of the evidence and errors of law, and was granted upon the two grounds last named. This appeal is taken by all the defendants from the order granting the new trial."

It was stipulated that death "proximately resulted from the accident sued upon in the complaint."

The facts briefly are as follows: A "truck-crane" was being used to remove 90-foot poles which had supported camouflage at the plant of the Douglas Aircraft Company. The deceased was employed as a rigger. The "truck-crane," so called, consisted of a crane mounted upon a truck. "The crane was made up of a cab, boom and jib and the motor necessary to operate the boom and jib. The crane operator (Pledger) was stationed at the rear of the cab, which was open. The boom was sixty feet long and the jib attached to the end of it, fifteen feet."

"Just prior to the accident the crane was being backed into position for attaching the jib to a ninety-foot pole so

that the pole could be lowered to the ground. The function of the rigger was to attach the jib to the pole and to accomplish this the deceased had ascended the pole to a 'spider' or cross-arm about sixty-five feet from the ground where he was waiting for the crane to be moved into place. Before the jib could be attached to the pole, a part of the boom came into contact with a guy-wire leading from the top of the pole to its anchorage in the ground, the wire parted at a place where it was spliced and the pole fell, killing Perry.''

The sole issue on appeal is whether the order appealed from was an abuse of discretion. In that regard, appellants argue, ''It is our contention that the question of negligence and contributory negligence were so patently questions of fact in this case to be decided by the jury that a granting of a new trial upon insufficiency of the evidence was an arbitrary exercise of discretion by the learned trial court.''

Respondents, on the other hand, contend that ''There was no abuse of discretion.'' That, ''A brief review of the evidence as shown by the reporter's transcript shows that in granting the new trial there was ample evidence of the negligence of the defendants and no evidence of contributory negligence on the part of the decedent.'' And argue in that connection that, ''A motion for a new trial upon the ground of insufficiency of the evidence is left to the sound discretion of the trial court. The judge is not bound by any conflict in the evidence and if, in the opinion of the judge, the verdict is against the weight of the evidence, it is his duty to set it aside. In other words, parties to an action are as much entitled to the judgment of the judge as to the sufficiency of the evidence to support the verdict as they are in the first instance to a judgment of the jury.''

There appears to be substantial authority in support of respondent's contention. For example, in *Smith* v. *Royer*, 181 Cal. 165 [183 P. 660], the court observed that ''In a jury trial a party is entitled to two decisions on the evidence—one by the jury and one by the trial court, and the trial court is not bound by a conflict in the evidence.'' And, ''If the Judge conscientiously believes that the verdict is against the truth of the case, that is, contrary to the weight of the evidence, he is bound to grant a new trial . . . otherwise the power of the Courts over verdicts is a mere mockery and delusion.'' (*Hall* v. *Bark* ''*Emily Banning*,'' 33 Cal. 522, 525.) See also *Green* v. *Soule,* 145 Cal. 96 at 102 [78 P. 337] ; *Brush*

638

v. *Pacific Electric Ry. Co.*, 58 Cal.App. 501 at 506 [208 P. 997]; *City of San Diego* v. *Cuyamaca Water Co.*, 209 Cal. 152 at 167 [287 P. 496].

An examination of the record in the light of the law in this regard reveals no reason for disturbing the trial court's judgment.

The order appealed from is affirmed.

York, P. J., and White, J., concurred.