[Civ. No. 17558. Second Dist., Div. One. Mar. 13, 1951.]

ORA ETHEL PERRY et al., Respondents, v. A. E. FOWLER et al., Appellants.

Parker, Stanbury, Reese & McGee for Appellants.

Arthur Garrett for Respondents.

HANSON, J. pro tem.—The sole question presented by this appeal from an order granting a new trial, on the ground of the insufficiency of the evidence to sustain the verdict, is whether the court abused its discretion in view of the fact that a prior jury had reached the same conclusion on substantially similar evidence.

The verdict of the jury in favor of the defendants on the first trial was set aside by the trial judge on two grounds: *First*, that the verdict was not sustained by the evidence and, *secondly*, because of error of law on the part of the court. On appeal this court (86 Cal.App.2d 635 [195 P.2d 78]) held that the court had not abused its discretion in granting a new trial. On the second trial before another judge and jury the latter reached the same result as the first jury by returning a verdict for the defendants. Upon a motion for a new trial the judge presiding at the second trial sustained it on the sole ground that the evidence was insufficient to sustain the verdict. It will be thus be seen that the order granting a new trial in the first case was based on two grounds, i.e., (1) errors of law and (2) that the evidence was insufficient to sustain the verdict, whereas, in the second case the motion for a new trial was granted on the latter ground *alone*.

As a ground for reversal appellants argue that a reasonable man could have found that the defendants were not negligent

and therefore the trial court abused its discretion in granting a new trial particularly where, as here, two juries in the same case have found the defendants were not negligent, or if negligent, that the proximate cause of the accident was decedent's contributory negligence. Appellants further imply that the trial judge granted the new trial merely because he would have reached the opposite conclusion to that of the jury had he been trying the case without a jury and that this is altogether too common a practice today with our trial judges. The fallacies underlying the argument may be easily demonstrated.

The testimony on the two trials was essentially the same. At the second trial the plaintiffs (respondents here) produced two witnesses who had not testified at the first trial. However, their testimony it seems clear was merely cumulative of the testimony of the other witnesses for the plaintiffs. As the second jury found for the defendants (appellants here) as did the first, it is apparent that these witnesses did not strengthen the case for the plaintiffs before the second jury. What effect, if any, this particular testimony had on the second judge is not disclosed by the record.

As we are here concerned not only with a single verdict by a jury in the case but with two concurrent verdicts, we think it important to restate a few fundamental principles respecting the duties of trial judges in granting or refusing new trials, particularly in view of the contentions made by appellants.

Since the early days of the common law it has universally been held that a trial judge has the right and power to set aside a general verdict of a jury on the ground it is not warranted by the evidence. (Wood and Gunston, Style, 466 [1655] ; Scott, *The Reform of Civil Procedure*, 31 Harv.L.Rev. 669, 681.) While variously phrased the test employed by a trial judge at common law was whether a reasonable man could, upon the evidence, entertain the jury's opinion. (Lord Halsbury in *The Metropolitan Railway Company and Wright*, 11 App.Cas. 152 (1886) ; Thayer, Preliminary Treatise on Evidence, 209.) But that test, for which appellants here strenuously argue, is not generally employed in any of our American jurisdictions, and certainly not in California.

Under our modern jury practice, unlike that of the very early common law, the trial court directs the jury hypothetically, adapting its instructions in point of law to the

state of the evidence, putting it to the jury to return a verdict in accordance with the facts as it finds them to be, measured by the law as set forth in the instructions. The consequence of this procedure is that the jury in finding a general verdict actually returns a verdict embracing not only matters of fact, but necessarily of law as well. If the jury mistakes or disregards the instructions or takes the law into its own hands *it may* return a verdict manifestly against the law and the credible facts in the case. If the jury mistakes the accuracy of the testimony as to the facts or the credibility of certain witnesses or permits prejudice to play a part in returning a verdict it is plain that grave injustice may likewise occur. To avoid any such untoward result the law necessarily vests in the trial judge the power and duty to set aside such verdicts.

 The law today, it is true, provides no standard or test to guide the trial judge, but instead contemplates he will in every case exercise his sound judicial discretion. (*Green v. Soule,* 145 Cal. 96 [78 P. 337] ; *Harrison* v. *Sutter St. Ry. Co.,* 116 Cal. 156 [47 P. 1019].) The law, moreover, anticipates that "when the evidence is nearly balanced, or is such that different minds would naturally and fairly come to different conclusions thereon," the trial judge will not disturb the verdict "although his own judgment might incline him the other way. In other words, the finding of the jury is to be upheld by him as against any mere doubts of its correctness." (Justice Brewer in *Kansas Pac. Ry. Co.* v. *Kunkel,* 17 Kan. 145 at p. 172; see also *City of San Diego* v. *Cuyamaca Water Co.,* 209 Cal. 152, at p. 167 [287 P. 496].) But when his judgment tells him that it is wrong, and that the jury has erred, whether from mistake, prejudice, bias, or other cause, in finding against the fair preponderance of the credible evidence or the basic interests of justice, then he will set the verdict aside. The reason for vesting this large discretion in the trial judge it seems to us is altogether apparent. The judge presiding at a jury trial not only has seen and heard the witnesses, as has the jury, but he comes to the task of weighing the evidence on a motion for a new trial with a specialized experience in separating the wheat of evidence from its chaff.

 In reviewing the trial judge's decision an appellate court is not vested with a de novo right or power such as is possessed and exercised by a trial judge. This for the very

good reason that the appellate court does not have before it the witnesses to enable it to judge of their demeanor and credibility. ▇ As a consequence it is a long established rule in this state that a trial judge will not be reversed in his ruling on a motion for a new trial, unless it is affirmatively shown or manifestly appears that he has abused the sound discretion confided to him.

▇ Where a trial judge's ruling on a motion for a new trial is made, as here, after a prior trial before a different judge and jury it would seem that generally speaking the same basic rule must be applied. Our statute authorizing a judge to grant a new trial makes no distinction as between single or successive verdicts. If the evidence is substantially similar at both trials and both juries reach the same conclusion it is definitely a factor to be considered by an appellate court in determining whether the trial judge abused his discretion. But taken alone that fact cannot be regarded as controlling. At each trial the judge hearing the case with a jury may have questioned in his own mind the credibility of some one or more of the witnesses and turned the case on that ground or some other ground equally as decisive. That the second trial judge gave due consideration to the fact that two juries had reached the same conclusion in this case, we must assume in the absence of any facts to the contrary.

The gratuitous assumption by appellants that the trial judge in this case and that trial judges generally too readily grant new trials and then solely because they would have rendered a different judgment is without data to support it. On the contrary we think that the true fact was well expressed by the Supreme Court in *Green* v. *Soule*, 145 Cal. 96, 102 [78 P. 337], where it said: ''We frequently have cause to believe that the judges of the superior court are too reluctant to exercise their power of granting a new trial for insufficiency of the evidence, and too much inclined to acquiesce in a verdict of the jury which does not meet with their own approval . . . 'Where the decision is against the weight of the evidence it is the duty of that court to grant a new trial . . . ' ''

In the instant case the trial judge did not make any record of his reasons for granting the new trial. While there is no requirement that a trial judge in granting a motion for a new trial should indicate his reasons for doing so, such a practice would be most helpful to an appellate court

and indeed may often deter the taking of needless appeals. This is particularly true, we feel, where two or more successive juries in the same case reach the same conclusion. By saying this we do not mean to imply that the trial court's decision in this case may have been erroneous. ■ On the contrary we note that the operator of the crane, whose duty it was to guide the driver of the truck on which the crane was mounted, testified he was looking in the direction of the pole to which the truck was backing, but even so that he did not see the decedent on the pole and did not know he was there. On the other hand there was testimony by other witnesses that a rigger, such as was decedent, was always on the pole about to be removed before the crane-truck reached it. Moreover, some of these witnesses testified, contrary to the crane operator, that he was not looking toward the pole at all to which the truck was backing. A failure to look on his part under the circumstances would be negligence. Accordingly, the trial judge may have concluded he could not credit the testimony of the crane operator on a very vital fact in the case, and if that was his considered opinion he did not err in ordering a new trial.

From what we have said so far, it seems plain that the right, power and duty of a trial judge in ruling on a motion for a new trial does not differ whether one or more successive juries have passed on the facts by concurrent verdicts, and hence it follows that we may not in this case reverse except for an abuse of discretion. (*Petroff* v. *Nunes,* 136 Cal. App. 416 [29 P.2d 293]; *Whitfield* v. *DeBrincat,* 35 Cal.App. 2d 476 [96 P.2d 156]; *Bayley* v. *Souza,* 55 Cal.App.2d 776 [131 P.2d 584]; see dicta, *Estate of Caspar,* 172 Cal. 147 [155 P. 631].) To be sure there must in the long run be an end to litigation, but on the other hand it may equally as well be said that no case is ever rightly decided unless it accords with elemental principles of justice. (See *Meinrenken* v. *New York Cent. & H.R.R. Co.,* 103 App.Div. 319 [92 N.Y.S. 1015]; *McCann* v. *New York & Q.C. Ry. Co.,* 73 App.Div. 305 [76 N.Y.S. 684].) We have no occasion here to grasp either horn of the dilemma. It will be time enough to bid the devil ''good morrow'' when we meet him.

The order is affirmed.

White, P. J., and Drapeau, J., concurred.