[Civ. No. 27054. Second Dist., Div. One. Dec. 20, 1963.]

THE PEOPLE ex rel. DEPARTMENT OF PUBLIC WORKS, Plaintiff and Respondent, v. JOHN J. BRUSATI et al., Defendants and Appellants.

John J. Brusati and Katherine B. Brusati, in pro. per., for Defendants and Appellants.

George C. Hadley, James E. Funk, R. B. Pegram, Charles E. Spencer, Jr., and Robert W. Vidor for Plaintiff and Respondent.

WOOD, P. J.—In this eminent domain action the defendants (owners) appeal from a judgment, based upon a verdict, awarding $31,000 as compensation for the property taken.

The appraiser, called as a witness by appellants, gave testimony regarding his qualifications as an appraiser, his investigations as to property values in the vicinity of the subject property, and rezoning requirements and variances. He testified that in his opinion the fair market value of the property was $58,400.

The appraiser, called as a witness by the respondent (condemner), after giving testimony regarding his qualifications and his investigations, testified that in his opinion the fair market value was $31,000.

There was no other witness.

A contention of appellants is that the appraiser, who was called as a witness by the condemner, made untrue statements on cross-examination regarding zoning-ordinance information he had received, and by reason of those statements the appellants were denied a fair trial.

One such alleged statement, so specified by appellants, was to the effect the appraiser said he had obtained information from Salvador Salinas (assistant planner in the office of the planning commission) that in the opinion of Mr. Salinas the planning commission would require a 5-foot building setback

in a C-R zone. Appellants state in their brief that Mr. Salinas had given appellant Mr. Brusati permission to use his name and to say that the statement was false, that he did not make it, and that the information set forth in it was wrong.

Another such alleged statement, so specified by appellants, was to the effect that the appraiser said that he made inquiry of "Mr. Brown, the Chief Planner of the City of Los Angeles" to the effect that there had been several requests for zone changes to C zoning, which had been denied. Appellants state in their brief that appellant Mr. Brusati had found that there is a "Mr. Wallace F. Brown, who is the Administrative Service Officer in the Planning Department," and who said that there is "no such man as Mr. Brown, the Chief Planner of the City of Los Angeles, and there is no such title as 'Chief Planner.' "

The statements of appellants relative to what Mr. Salinas and Mr. Brown told Mr. Brusati are not a part of the record on appeal. Presumably, Mr. Brusati obtained the asserted information from those persons after the trial of the case. It is the function of this court to review the record of the proceedings in the trial court, and, of course, this court is not empowered to consider statements made after the trial. Such alleged extrajudicial statements cannot be regarded on appeal as having any material bearing with respect to the matter of according appellants a fair trial. Heretofore (in May 1963) appellants filed an application in this court for leave to produce certain additional evidence, including the alleged statements of Mr. Salinas and Mr. Brown just referred to herein. That application was denied. This contention regarding a denial of a fair trial is not sustainable.

▮ Appellants contend further that the court erred in not granting their motion for a new trial. Their principal argument in this respect is to the effect that the affidavit of Mr. Snorgrass, their appraiser, showed that there was newly discovered evidence of such importance that a new trial should have been granted. That affidavit stated, among other things, that after July 9, 1962 (the date when the trial ended), he discovered for the first time the fact that two parcels of property comparable to the subject property were sold through an escrow then pending; he investigated these transactions and discovered that one of the parcels, which was 440 feet west on Victory Boulevard from the subject property, was being sold for $4.43 a square foot; a condition of

the escrow instructions was that this first parcel, zoned as R1, would be rezoned as P1 (parking); he discovered that the other parcel, which was on Whitsett Avenue, was 440 feet from the subject property, and it was being sold for $2.68 a square foot; a condition of the escrow instructions was that this second parcel, zoned as R1, would be rezoned as P1 (parking); the parcels were to be used for parking and construction of an office building; the zone change to P1 was approved on August 8, 1962; in his opinion, knowledge of the prices to be paid for these two parcels is helpful in determining the value of the subject property; if he had known of these facts as of the time he testified as to the value of the subject property, he would have considered such information in forming his opinion as to the reasonability of obtaining a zone change to CR and P1, and would have considered it in determining the highest and best use of the property; the records of the Van Nuys office of the planning commission did not contain the information as to the application for zone change, as of July 9, 1962.

Appellants argue further that knowledge of such two newly discovered sales, which were close to appellants' property, would have substantiated the opinion of their appraiser that the value of their property was $3.80 a square foot. It is to be noted that as of the date of the trial the escrow matter related to proposed sales upon the condition that zone changes be obtained. ■ The matter of granting or denying the motion for a new trial was a matter within the sound discretion of the trial judge. (See *Perry* v. *Fowler*, 102 Cal.App.2d 808, 811 [229 P.2d 46]; *Henningsen* v. *Howard*, 117 Cal.App.2d 352, 355 [255 P.2d 837].) The weight of the evidence and the credibility of witnesses were matters for the determination of the jury. ■ In ruling upon the motion for a new trial the judge said, in effect, that in his opinion the jury could have decided the question of value either way, and that he did not believe that the newly discovered evidence would have caused the jury to reach a different verdict. Appellants assert in their brief that the judge's belief regarding the new evidence was not well founded, because six of the jurors had stated in affidavits (attached to the brief) that they believed that a different verdict would have been very probable if they had known about the new evidence; and because one juror said in his affidavit that he believed that a different verdict would have been possible. These affidavits cannot be considered in determining this appeal. ■ It should be readily apparent that statements by jurors (after rendering their verdict) as

to what their verdict might have been under a different set of circumstances have no place in a review of the trial proceedings. ▮ These affidavits were also included in appellants' application for leave to produce additional evidence, which application was heretofore denied. The trial judge did not abuse his discretion in denying the motion for a new trial.

▮ Appellants also contend that Mr. Funk, one of the attorneys for respondent, was guilty of prejudicial misconduct by reason of statements in his argument to the jury to the effect that a property owner could shop around for an appraiser who would give him a high figure—and that such persons do not really expect the figure they are asking, but are using it only for bargaining purposes. The argument made by that attorney is not a part of the record here. At the hearing of the motion for a new trial, appellants' attorney made statements which indicate that Mr. Funk, in his argument to the jury, did make such statements as those attributed to him by appellants in their brief. Appellants' attorney also said, in that connection at said hearing, that Mr. Funk (in his argument to the jury) was very careful to explain that his statement was a conclusion that he drew. Mr. Funk, in his statement at the hearing of the motion for a new trial, said that he thought that his comments in his argument to the jury were fair comments and were fair inferences to be drawn. Since a transcript of the arguments to the jury is not in the record here, this court does not have sufficient information regarding the arguments to enable the court to discuss in detail the asserted point as to prejudicial misconduct. The trial judge, who heard the arguments to the jury and the arguments on the motion, denied the motion for a new trial. Under such circumstances, this court concludes that this contention regarding misconduct is not sustainable.

It appears from the record that appellants were well represented at the trial by their counsel; and that they were accorded a fair trial.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.

A petition for a rehearing was denied January 17, 1964, and appellants' petition for a hearing by the Supreme Court was denied March 4, 1964. Schauer, J., and Peters, J., were of the opinion that the petition should be granted.